# HAUN v. STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF CARROLL.

### [No. 22,642.   Filed April 14, 1915.]

1. APPEAL.—*Review.*—*Ruling on Motion to Make Specific.*—Overruling a motion to make a complaint more specific is not reversible error.   p. 154.

2. STATUTES. — *Special Legislation.* — *County Business.* — Section 7546 Burns 1914, Acts 1911 p. 195, authorizing prosecuting attorneys to prosecute actions on behalf of the county for the recovery of illegal allowances, applies to every county in the State, and is not within the inhibition of §22, Art. 4 of the Constitution against the enactment of local or special laws regulating the practice in courts of justice, or regulating county business.   p. 154.

3. CONSTITUTIONAL LAW.—*Determination of Constitutionality.*— *Duty of Court.*—Where the constitutionality of a statute is attacked, but appellant's brief does not disclose the particular constitutional provisions with which it is claimed to be in conflict, the court is not warranted in making an independent search of the Constitution to discover a cause for holding the act invalid. p. 155.

4. COUNTIES. — *County Auditors.* — *Allowances.* — Sections 10254, 10266 Burns 1908, Acts 1903 p. 49, Acts 1891 p. 199, expressly require the county auditor to prepare the assessors' books each quadrennial year when real estate is assessed, and while such services may not be required of him in other years, their performance at such times at least impliedly devolves upon the township assessors under §§10202, 10263, 10267 Burns 1914, Acts 1891 p. 199, so that the law contemplates the performance of the work by one or the other; and, since §7361 Burns 1914, Acts 1883 p. 48, prohibiting allowances to county officers in .the absence of clear and unequivocal statutory authority, and §6016 Burns 1914, Acts 1879 (s. s.) ˙p. 130, forbidding allowances not specifically required by law to officers, unless in case of indispensable public necessity, are to be construed together, allowances made by a board of county commissioners to the auditor for preparing the assessors' books in years other than those in which real estate was assessed were illegal, where the records of the board did not show a contract of employment pursuant to a public necessity for his services, and ˙the mere finding by the board at the time of the allowances that the services were necessary was insufficient.   p. 155.

5. COUNTIES. — *Recovery of Illegal Allowances.* — *Demand.* — The complaint in an action to recover illegal allowances to a county auditor need not aver a demand.   p. 159.

6. PLEADING.—*Answer.*—*Sufficiency.*—Where the complaint in an action to recover illegal allowances to a county auditor, was sufficient as to some of the allowances, answers in bar to the entire cause of action stated in the complaint were insufficient. p. 159.

From Carroll Circuit Court; *Charles W. Hanly,* Special Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Carroll, against Martin G. Haun. From a judgment for relator, the defendant appeals. *Affirmed.*

*L. D. Boyd* and *G. W. Julien,* for appellant.

*Thomas M. Honan,* Attorney-General, *Howard T. Brockway, John C. O'Dell* and *Edwin Corr,* for the State.

MORRIS, J.—Suit by appellee, against appellant, who was auditor of Carroll County for the four-year period commencing January 1, 1908, to recover the amount of certain alleged unlawful allowances made to appellant by the board of commissioners. The court overruled appellant's demurrer to the complaint, and sustained appellee's demurrers to the first and second paragraphs of appellant's answer. Appellant declined to plead further, and judgment was rendered for relator. Error is assigned on each of such rulings.

Error is also predicated on the action of the court in overruling appellant's motion to make the complaint more specific and in overruling appellant's verified motion to require the prosecuting attorney, who appeared for plaintiff, to show authority for such appearance. There was no error in overruling the motion to make the complaint more specific. In the verified motion to require the prosecuting attorney to show by what authority he appeared for plaintiff it is averred that the board of commissioners never authorized the bringing of the suit. By this motion, as well as by the demurrer to the complaint, appellant seeks to present the question of the constitutional validity of so much of the act approved March

3, 1911, as purports to authorize prosecuting attorneys to institute proceedings of this character. Acts 1911 p. 195, §7546x *et seq.* Burns 1914.

Appellant's contention is presented by the seventh point in his brief, as follows: "The act of the legislature, being the act of 1911, page 197, section five, takes from Carroll County the right of local self-government and is in violation of our State Constitution, §22, Art. 4, Constitution of Indiana." The section, above noted, prohibits the enactment of local or special laws, regulating the practice in courts of justice, or regulating county business. This act applies to every county in the State, and we fail to see wherein it violates any provision of the section. See, *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769, 15 Ann. Cas. 849. We presume it was appellant's 3. purpose, by the above point, to challenge the validity of the legislation solely because of its supposed conflict with §22, *supra.* If, by the reference to local self-government, appellant intended to assail the act because of its conflict with some other constitutional provision, express or implied, he has failed to point it out in the brief, and we are not warranted in making an independent search of constitutional provisions to discover a cause for holding invalid a legislative act in order to reverse a judgment. As against any constitutional objection urged, the act is valid.

The complaint, among other things, alleges, in substance, that appellant was auditor of Carroll County for the years 1908 to 1911 inclusive, and that he collected and converted to his own use certain named transcript fees 4. belonging to the county and retains the same; that in the years 1908, 1909 and 1910, he "made" books for the township assessors of the county, and, on December 27, 1911, filed with the board of commissioners a claim for $450, for such services; that on the same day, at a special session of the county council, an appropriation of $450, was made to pay the claim; that the board allowed it, and the same was

paid to appellant, who retains the money, and refuses, after demand, to repay it.

The first paragraph of appellant's answer alleges that before the first of March, in the years 1908, 1909 and 1910, with the knowledge and consent of the board, "he made up" the township assessors' books by writing therein a complete list of all resident taxpayers of each of the respective townships, including a description of the real estate owned by each taxpayer, and the former assessed value thereof; that it was necessary that some one do such work, but that it was no part of the auditor's duties; that the same was worth the sum of $150, per year; that the work was performed in good faith, and he received payment therefor, as an individual, and not as county auditor; that the board found of record, in allowing the claim, that the services were necessary. It is further alleged that he received the transcript fees, set out in the complaint, for making transcripts of the records in certain gravel road proceedings to better enable sales of bonds to procure funds for the construction of the roads; that the making of the transcripts was not a part of his official duties; that the transcript fees were not paid out of the county treasury but from the road district funds. The second paragraph of answer alleges the same facts as are found in the first, but with less particularity. Appellant earnestly contends that he was lawfully entitled to the allowance made for preparing the assessors' books, for the years 1908, 1909 and 1910, but concedes that a county auditor could not lawfully make a claim for like services performed in 1911, or other quadrennial assessment year, because, at such time, the statute expressly requires the performance of such services by the auditor. §§10254, 10266 Burns 1908, Acts 1903 p. 49, Acts 1891 p. 199. In the intervening years, however, it is claimed that the performance of such duties is necessary, but not enjoined on the auditor by statute, and that consequently it is competent for the board of commissioners to make a reasonable allow-

ance to some one for such necessary work, and, in case the county auditor, acting in his individual capacity, is employed by the board to perform such work, he is entitled to reasonable compensation for it.

Section 7, of an act of 1883 (Acts 1883 p. 48, §7361 Burns 1914), prohibits county boards from making allowances from the county treasury, to county officers, "except when the statutes confer the clear and unequivocal authority so to do". Section 39 of the act approved March 31, 1879 (Acts 1879 [s. s.] p. 130, §6016 Burns 1914) forbids allowances not specifically required by law, to county auditors and other named officers, unless in case of indispensable public necessity. It also, except in such emergency, forbids the employment of any person, to perform services, required by law, of any officer. If such emergency arise, the public necessity therefor must be found and entered of record, and the contract of employment spread of record. Both of these statutes are in force and should be construed together. *Board, etc.* v. *Mitchell* (1892), 131 Ind. 370, 30 N. E. 409, 15 L. R. A. 520. But inasmuch as there was no attempt to comply with the provisions of §6016 Burns 1914, *supra,* the Attorney-General contends that if the law makes it the duty of either the auditor or township assessor to perform the services here in controversy, the claim was illegal. We concur in this view.

While the statutes (§§10254, 10266 Burns 1908, *supra*) expressly require the performance of such services by the county auditor each fourth year when real estate is assessed, it is probably true that such services are not required of him in the intervening years, but, at such times, we are of the opinion that the statutes, impliedly, if not expressly, require the performance of such work by the township assessors. §§10202, 10263, 10267 Burns 1914, Acts 1891 p. 199. In any event, if it be conceded that the performance of such work is not within the scope of the auditor's statutory duties, it must be held that such duty devolves on the township

assessors, for the law contemplates the performance of the work by one or the other. The answers here show that appellant previous to the first day of March in each of the years 1908, 1909 and 1910, was orally requested by the board to perform the services in controversy, and that, pursuant to the request, with the board's consent, he did the work There are no facts pleaded showing an indispensable public necessity, a finding thereof by the board, an entry thereof, or a spreading of record of the contract of employment, as required by §6016 Burns 1914, *supra*. Under such a state of facts, the services rendered formed no basis for a lawful allowance from the public treasury. *Board, etc.* v. *Garrigus* (1905), 164 Ind. 589, 73 N. E. 82, 74 N. E. 249. The mere finding by the board, when it allowed the claim, that the services were "necessary," in no wise complies with the requirements of §6016 Burns 1914, *supra*.

Appellant cites *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 99 N. E. 102, 111, as authority for the sufficiency of his answer. That cause was one in equity, by a taxpayer, to recover, on a township trustee's bond, for alleged illegal expenditures. It was held that an answer averring that the funds were expended for lawful and necessary purposes, and full value had been received and was retained by the township, stated a cause of defense, although no appropriation for such expenditures had been previously made by the advisory board. It was further stated in that opinion that unless the expenditures were otherwise warranted by law, a recovery would not be barred. In this case, there is not merely the infirmity of the lack of an appropriation by the county council when the services were performed, but the barrier of a statutory prohibition against an officer recovering for services that the law required another officer, or himself, to perform. The existence of an appropriation by the county council, when the services were performed, would in no wise have validated the contract. We are constrained to hold

that the allowance was unlawful, and that the county was entitled to recover. *Board, etc.* v. *Heaston* (1896), 144 Ind. 583, 41 N. E. 457, 43 N. E. 651, 55 Am. St. 192.

It is urged that the complaint's averments of a demand are insufficient. No demand was necessary In view of the state of the record, we are not warranted in considering the question presented by appellant in relation to the fees for transcripts of gravel road proceedings. The complaint was sufficient to repel appellant's demurrer, because it stated a cause of action for the recovery of the allowances for the preparation of the assessors' books. The answers are pleas in bar of the entire cause of action stated in the complaint, and hence are insufficient. There was no error in the rulings on the demurrers.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 519. As to caution observed by courts in respect to declaring statutes void, see 48 Am. Dec. 269. See, also, under (1) 31 Cyc. 669; (2) 36 Cyc. 987; (3) 8 Cyc. 800; (4) 11 Cyc. 430, 438; (5) 11 Cyc. 436; 11 Cyc. 1913 Anno. 436–new; (6) 31 Cyc. 140.