State, ex rel. Hitchcock et al. *v.* Farris et al.

[No. 24,627. Filed December 17, 1925.]

1. Schools and School Districts.—*Answer of defendants in action by taxpayers to recover money paid out by township trustee without fully complying with Township Advisory Board Law held sufficient.*—In an action by taxpayers under §12068 Burns 1926, §9595 Burns 1914, to recover money paid out by a township trustee for the construction of a schoolhouse without full compliance with the Township Advisory Board Law (§12062 *et seq.* Burns 1926, §9590 *et seq.* Burns 1914), an answer alleging that the construction of the schoolhouse was necessary for the use and benefit of the schools of the township, that it had been duly authorized and the money appropriated therefor, that plans had been prepared and notice given to bidders, that the only illegality of payment arose out of the fact that, after bids were received, it was discovered that the building, as originally planned, could not be constructed for the amount appropriated, that the plans were then changed to omit certain parts of the proposed building and the bidders were permitted to scale down their bids accordingly, that the officers of the school township accepted said bids and let contracts for the construction of the building at the reduced prices, that all of the money sued for was paid to such contractors and for labor and materials used in the construction of said building, that the township obtained full value for all the money expended, that the building is practically completed and is in use for school purposes and all was done in good faith and without fraud, was *held* sufficient, notwithstanding suit had been commenced to enjoin the trustee from paying out the money before he did so. p. 132.

State, ex rel., *v.* Farris—197 Ind. 128.

2. PLEADING.—*Sustaining demurrer to paragraph of reply pleading facts available under general denial not available error.*— Sustaining a demurrer to a paragraph of a reply alleging facts which were admissible in evidence under a paragraph of general denial is not available error.  p. 125.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Evidence held sufficient to show good faith of township trustee in expenditure of money, notwithstanding commencement of suit to enjoin him from making payments before they were made.*—In an action by taxpayers under §12068 Burns 1926, §9595 Burns 1914, to recover money paid out by a township trustee without fully complying with the Township Advisory Board Law (§12062 *et seq.* Burns 1926, §9590 *et seq.* Burns 1914), evidence *held* sufficient to show that trustee acted in good faith in making expenditures complained of, notwithstanding suit had been brought against him to enjoin him from paying it before he had done so. p. 141.

4. JUDGMENT.—*Plea of former adjudication held sufficient on demurrer though stating principally conclusions from facts that should have been pleaded.*—Under §360 Burns 1926, a plea of former adjudication was held good as against a demurrer although the material allegations were conclusions from facts which should have been pleaded, the proper remedy being a motion to make more specific by stating the facts from which the conclusions were drawn.  p. 141.

From Daviess Circuit Court; *W. D. Robinson,* Judge.

Action by the State of Indiana on the relation of Joseph M. Hitchcock and others against Clifford Farris and others. From a judgment for defendants, the plaintiff appeals. [Transferred to the Supreme Court on failure of four judges to concur in result.] *Affirmed.*

*Alvin Padgett* and *Tharp & Gardiner,* for appellants.
*Thomas M. Sears, Josiah G. Allen, Elmer E. Hastings* and *Arthur W. Allen,* for appellees.

EWBANK, C. J.—Appellant's relators, suing as taxpayers of Elmore school township, Daviess county, Indiana, brought this action against appellees, the principal and sureties on the bond of Clifford Farris, as

trustee of said township, to recover money of the school township alleged to have been unlawfully paid out on a contract for the erection of a schoolhouse, which it was alleged had been entered into without preparing plans and specifications in advance or giving proper notice to bidders, but there were no allegations charging fraud. The defendants filed an answer of general denial and two paragraphs of affirmative answer. The second paragraph alleged facts to the effect, in substance, that the construction of the schoolhouse was necessary, and had been duly and properly ordered and authorized, and that the money paid out had been properly appropriated for the purpose of paying for its construction; that a site had been procured and plans made by an architect and notice to bidders given, but that the illegality of payment arose out of the fact that, after bids were received, it was discovered that the building as originally planned could not be erected for the sum of money which the school township was authorized to expend, and that the plans were then changed so as to omit certain parts of the proposed building, and the bidders were permitted to scale down their bids accordingly; that the officers of the school township attempted to accept bids and let contracts for the construction of such parts of the building at the prices thus reduced; that all of the money sued for was paid to such contractors, as the work of constructing said school building progressed, for labor and materials furnished and used in the construction of said school building, and was paid out from money of the school township which the trustee had been authorized by the advisory board of the township to use in payment of the cost of constructing said school building, being that part of the special school fund of the township duly appropriated by the advisory board for that purpose; that said contracts were let on May 29, 1917, and im-

mediately thereafter the work of constructing and equipping the schoolhouse was commenced, and by May 21, 1918, the contractors had completed seventy-five per cent. of the plumbing and heating, and ninety per cent. of the other portions of the building; that in a certain action by taxpayers on behalf of themselves and the other taxpayers of the township, a judgment had been entered prior to May 29, 1917, by agreement of the parties, that no injunction should be issued against the construction of a high school at and near the town of Elnora; but that after said work was begun, the relators herein and other taxpayers of said township filed their complaint in the circuit court against the township trustee and the contractors, alleging that the said contracts were void, and asking to enjoin the trustee and the contractors from performing or doing any acts toward fulfilling them; and that, after the trial of that action, on May 21, 1918, a judgment was rendered that the contracts were void, and that performance should be so enjoined; that thereupon further work under said contracts was abandoned, but that, by proper and legal action, upon due notice and the acceptance of bids, contracts were let for the completion of the said school building according to the same plans and specifications, as so modified, and that it was so completed, and was taken possession of by the school township, and ever since has been used by the school township for school purposes; that the materials and labor thus paid for entered into and became part of said school building, and that such materials and labor were and are of a value fully equal to the amount so expended, and were useful and necessary in the construction of the building, and the amount so expended did not exceed the value of said materials and services, nor of the benefits thereby obtained and derived by said school township from the use of the materials and services so furnished; that

the school building thus erected was necessary for the use and benefit of the schools of said school township, and was received, retained, and is now being used and enjoyed by the taxpayers of said school township; that each of said payments was made by Clifford Farris, as such trustee, in good faith, without fraudulent intent on his part, and that no part of said money was retained by him or repaid to him or to any person for him, or was paid out by him on any account for which it was not appropriated; but that, at the time it was so paid, an emergency existed for the immediate construction of a school building in said school township wherein it might maintain a high school, so that it was the legal and imperative duty of said trustee to construct and erect such a school building, facts being alleged which showed the existence of such necessity and duty. A demurrer to this paragraph of answer was overruled, and the plaintiff excepted. Overruling this demurrer is the first error assigned.

In support of the demurrer, appellant points out that there was no averment in this paragraph of answer that the expenditures or any of them were made with 1. the knowledge of the taxpayers of the school township, and without objection on their part or the part of any of them; but that the answer, on the contrary, expressly alleged that certain of the taxpayers brought an action seeking to have the contracts under which said school building was being erected declared to be void, and asking that the township trustee and the contractors be enjoined from performing such contracts or doing any act in fulfillment thereof, and that such action resulted in a judgment declaring the contracts void and granting an injunction as prayed. The facts thus alleged make out a case where the township trustee procured the construction of a schoolhouse which it was his duty to build, and paid for it with

money of the township that had been lawfully appropriated and which it was his duty to expend for that purpose, and thereby obtained for the township the full value of all the money so expended, being a schoolhouse ninety per cent. completed, with plumbing and heating equipment seventy-five per cent. completed, which could be and was finished and used for necessary school purposes, and that all this was done in good faith and without fraud. This action was commenced and prosecuted under the provisions of §12068 Burns 1926, §9595 Burns 1914 (§6, ch. 105, Acts 1899 p. 154), which provides that: "In no event shall a debt of the township be created except by the advisory board of such township and in the manner herein specified, and any payment of any debt not so authorized from the public funds of such township shall be recoverable upon the bond of the trustee," etc.

"It is inconceivable that it was the legislative intent to promote official integrity by granting to the taxpayers letters of reprisal authorizing them to prey on the earnings of the officer and his sureties, by retaking the price paid for necessaries honestly purchased for, and used by them. Such design is as abhorrent to good conscience as were the bills of attainder prohibited by our Federal Constitution, and the language of the [Township Advisory Board] act neither requires nor justifies * * * such legislative intent." *Miller* v. *Jackson Tp.* (1912), 178 Ind. 503, 524, 99 N. E. 102; *State, ex rel.,* v. *Fiscus* (1914), 181 Ind. 667, 668, 105 N. E. 230; *State, ex rel.,* v. *Blind* (1914), 181 Ind. 689, 695, 105 N. E. 225; *Haun* v. *State, ex rel.* (1915), 183 Ind. 153, 158, 108 N. E. 519; *Flowers* v. *Logan County* (1910), 138 Ky. 59, 127 S. W. 512, 137 Am. St. 347. But counsel for appellant seek to distinguish the case at bar from the cases cited above on the ground that in those cases the taxpayers had stood by, without ob-

jection, while the officers were proceeding in an irregular manner to acquire property on behalf of the municipality, and to pay out the public money in exchange for it; while in this case, before any money had been paid on the contracts, certain taxpayers commenced an action to enjoin the performance of such contracts, in which an amended complaint was afterward filed before the last payments complained of were made, which alleged facts showing that the contracts had been let without observing the required legal formalities, and that, by reason of that fact, the court found them to be void when that suit came to trial. So that the case at bar presents the question whether a township trustee, defending an action against him by taxpayers for the recovery of public money paid without full compliance with the provisions of the township advisory board law, may successfully defend by showing that it was his official duty to build a certain schoolhouse, that the payments complained of were made in good faith, from money appropriated for such purpose, in purchasing materials and employing labor and thereby procuring the construction of that schoolhouse, that he thereby obtained for the township the full value of all the money so expended, and that the schoolhouse thus partly constructed was finished and used by the township for school purposes; or whether he must also show that the taxpayers, by their own acts or omissions, have estopped themselves to insist that the money was paid without authority of law. We believe, and, therefore, hold, that neither the failure of the taxpayers to object nor their active approval of what was done is essential in order to make out an equitable defense on the part of the township trustee to such an action, though such facts may be important as evidence in determining whether or not he acted in good faith. And that where the money was duly appropriated for a

lawful purpose for which it was the right and duty of the trustee to expend it, and, under a good faith belief that he had the right to do so, he paid it out for that purpose and thereby obtained for his township the full value of what was so expended, which value was received and used by the township, and where the only illegality in what was done consisted in a failure to observe certain formalities in the matter of preparing plans, giving notice and letting contracts, neither the township nor the taxpayers on its behalf can recover from the trustee or his sureties the money so paid out for which full value was thus received. The purpose of the Township Advisory Law was to protect the township and taxpayers from the expenditure of public money for purposes not authorized by law, and from paying more than a fair price for what might be lawfully purchased to supply the needs of the township. And the facts that these purposes have been fully served, and that the township trustee, in good faith, has expended for such purposes all the public money that came into his hands, are a sufficient defense to an action to recover such money from him, based on the fact that some steps in authorizing the expenditure were not properly taken. The second paragraph of answer stated a cause of defense, and the demurrer thereto was properly overruled.

Appellants filed a reply of general denial, and with it filed a second paragraph of reply alleging substantially the same facts which had been averred in the answer as to an action having been commenced to enjoin the township trustee from expending any township money in constructing the schoolhouse in question without first adopting plans and specifications, giving notice to bidders, and awarding contracts for the same, in compliance with the law, and as to the trustee having expended money in the

construction of the schoolhouse while that action was pending; and that the court had decided said action against the trustee and awarded a decree declaring that the contracts upon which such payments had been made were void, and enjoining him from performing any act or thing thereunder. The court sustained a demurrer to this paragraph of reply. In this there was no error. The facts alleged were not sufficient to avoid the defense pleaded in the second paragraph of the answer, for reasons stated above. Besides, the facts alleged in this paragraph of reply were admissible in evidence under the reply of denial, and the record shows that they actually were introduced in evidence at the trial.

Overruling the motion for a new trial is also assigned as error. The specifications in the motion were that the decision is not sustained by sufficient evidence and is contrary to law. The bond of Clifford Farris for $24,000 executed by himself as principal and his codefendants as sureties, conditioned that he shall "well and faithfully discharge the duties of said office [of township trustee] according to law, shall faithfully collect and receive all moneys belonging to said township, expend the same as required by law for township, road, school, special school and all other purposes, and correctly account to the board of commissioners of Daviess county and the advisory board of Elmore township, as required by law, for all receipts and expenditures of the township moneys," was read in evidence. It was agreed that he was the duly elected trustee of said township of Elmore at the time in question and had given the bond as trustee. The record in the former action brought by certain persons other than these relators, suing on behalf of themselves and 197 others unnamed resident citizens and taxpayers of the township of Elmore, was then read in evidence, including the complaint by which they alleged that the plans and speci-

fications for the schoolhouse and the bids had been changed without authority of law after the bids were received, and that contracts pursuant to such changes had been unlawfully entered into, and the recital that said complaint was filed at the September, 1917, term of court, together with the fact that the summons in that action had been issued on the second day of July, 1917, and that judgment was afterward entered therein on May 21, 1918, enjoining the township trustee and the contractors engaged in constructing said schoolhouse from performing or doing any act under the said contracts, as recited above in setting out the averments of the reply. A notice to the advisory board of Elmore township, given in March, 1919, demanding that they should bring and prosecute in the name of the State of Indiana a suit on the bond of Clifford Farris, as trustee of said township, against him and his sureties, to recover for the use of the special school fund of the township the sum of $24,000 which the notice declared he had unlawfully and illegally expended and failed and refused to account for and charge himself with as such trustee, was next read in evidence. Clifford Farris testified that he made a report to the advisory board of Elmore township, as trustee of said township, showing that he paid on the school building $17,400 before the first of October, 1917, and $10,200 after that date and before December 1, 1917, being a total of $27,600; that these payments were made under the contracts afterward adjudged to be void, and that he took credit as trustee for such payments, and no part of the money so paid had ever been returned to the township. A witness testified that the relators were at all times property owners, taxpayers, and residents of said Elmore township. It was agreed that what was so paid for the school building was paid out of money received into the special school fund of the township from the sale

of bonds of the township of the face value of $32,000, issued and sold for the purpose of constructing a schoolhouse therein, and that the persons notified to bring suit on the bond were the duly elected and qualified members of the advisory board of said township, and had not brought any suit to recover the money so expended by Clifford Farris as such trustee. The records of the advisory board of said township were read, showing that on April 10, 1917, all of the advisory board being present, by consent of all the members, it was determined that an indispensable necessity existed to provide for the construction of a township central school building of sufficient capacity to serve the school needs of the township, including therein the town of Elnora; that the cost of such building would be in excess of any sum available therefor out of any annual levy; that an emergency existed for the expenditure of a sum not included in any existing levy, in the amount of $32,000, and that the trustee was authorized to sell the bonds of the township in the amount of $32,000, which sum was appropriated for that purpose. It was also proved that the constitutional debt limit of the township was more than $32,000. Evidence was also introduced to the effect that, for seven years prior to 1917, Elmore township did not have a high school, but sent high school pupils to four school towns, of whom about thirty attended the high school in the town of Elnora, where twenty elementary pupils from the township also attended. That after the school town of Elnora was dissolved, the township had only a dark and damp basement, sometimes overflowed by the river, which it could use for high school purposes; that the advisory board of the township authorized the construction and equipment of a school building near that town; that the money sued for was paid out on contracts which were awarded in May, 1917, and was paid for the erec-

tion and equipment of a school building on lands of the township purchased by it for that purpose, which building contained an auditorium and fifteen class rooms and had been used for three years by the township, at the time of the trial, in conducting a junior and senior high school, domestic science, manual and physical training school, and was attended by 174 high school students; that all payments made to said contractors were made upon estimates by the architect employed by the township trustee to make plans and specifications for the building and to furnish such estimates, and the money was paid for materials and labor actually used therein; and that all the money paid out on such contracts amounted to "around $32,600." The architect testified that the building is of the usual type, size and character of the buildings used for such purpose in similar townships, that the plans and specifications were submitted to the State Board of Health and approved by it, that the building was well constructed of vitrified brick and ought to last sixty to 100 years, and that its value when erected was $60,000. The township trustee testified to facts showing that it was indispensibly necessary to erect a new high school building at Elnora, and that a commissioned high school was opened in the new building in 1919. The county superintendent testified that about 172 children were attending high school in the new building, and that a new high school building was very much needed; and it was otherwise shown that, since its erection, six of the ten district schools in the township have been abandoned, and the children transported to the town of Elnora to attend school. There was also undisputed evidence that the population of Elmore school township, including the town of Elnora, was "between three and four thousand," and that at the time of the trial, 270 pupils attended the primary schools in a building a quarter of

a mile from the high school, in the town of Elnora, and only seventy-five attended the district schools in other parts of the township, though there was no evidence as to the number of pupils in the township at the time the expenditures complained of were made. And it was shown that the site of the school house had been selected and purchased, its construction ordered, the bonds with which to pay for it sold, and the money appropriated for that purpose, and bids duly advertised for and received, but rejected because too high; and that the irregularity consisted in then cutting down the plans and permitting the bids to be scaled down, and accepting a bid as thus reduced. It was also shown by undisputed evidence that in May, 1917, ten groups of persons, each of which groups numbered from fourteen to thirty-two, and all of whom together numbered 197, describing themselves as patrons of the different school districts of the township, filed petitions that their respective schools be not consolidated with other schools of the township. And that, after a site for a new township high school near the town of Elnora had been acquired by the township, and the construction of a new schoolhouse thereon had been ordered, bonds of the township sold, and money appropriated for that purpose, ten citizens and taxpayers not shown to have joined in any of those petitions prosecuted, "on behalf of themselves and 197 other taxpayers," (whose names were not disclosed in the complaint) an action in which a judgment was entered by agreement of the parties that no injunction should be awarded therein against the construction of a high school at or near the town of Elnora, and, in that action, asked and obtained a further judgment by agreement commanding the trustee and advisory board "to maintain the ten district schools in said township as required by law." And it was also proved without dispute that in July, 1917, dur-

ing the court vacation (ch. 2, Acts 1907 p. 4), the same ten resident citizens and taxpayers of Elmore township, suing on behalf of themselves and 197 other resident citizens and taxpayers whose names were not disclosed by the complaint, brought an action in which the complaint was amended in October, 1917, and in which, in May, 1918, a judgment was entered forbidding the performance of the contracts first entered into for the construction of the new high school building, as was alleged in the pleading recited above. And that all the money sought to be recovered was paid out after that suit was commenced, but before the court had determined whether or not a defense which was pleaded to the action was sufficient. But it was shown without dispute that all of the money in question was paid out in procuring the erection of a schoolhouse, and there was much evidence to the effect that what was thus obtained for the township was of a value far in excess of the cost.

Appellant insists that this evidence fell short of establishing that the township trustee acted "in good faith" in making the expenditures complained
3. of, and, therefore, that the evidence is not sufficient to sustain the finding. But the evidence fairly supports an inference that what the trustee did was done in an honest effort to procure the erection of a much needed schoolhouse, and under an honest mistake as to what he had the right to do. And, if it was, the trial court did not err in holding that he acted in good faith in paying out the money, though without lawful authority.

Appellant's relators also complain because the court overruled their demurrer to the third paragraph of answer, which undertook to set up the defense
4. of former adjudication. That paragraph alleged, in substance, that the relators were tax-

payers of Elmore school township, and were prosecuting the action to recover money for the benefit of said school township, alleged to have been paid out by the defendant Farris as trustee on void contracts for the construction of a school building therein; that on October 6, 1917, W. Ribble Sears and other persons not named, as taxpayers of said Elmore school township, for themselves and 197 other taxpayers of said township, "among whom were the relators herein," filed the amended complaint as recited above in setting out the substance of the reply. "That in said amended complaint it was alleged that the contracts made by the defendant, Clifford Farris, as trustee of said Elmore school township, were illegal and void and prayed that all the acts and proceedings of said Clifford Farris as such trustee, and the said contracts for the building of said school building be declared illegal and void and that all the defendants to said amended complaint be forever restrained and perpetually enjoined from doing and proceeding in the further execution and equipment of said school building and all other proper and equitable relief." That summons was issued and served and issue was joined by answers of general denial, and that on April 24, 1919, the court made a general finding for the plaintiffs on all the material issues joined in said cause, and rendered a final judgment for the plaintiffs, adjudging that said contracts for the construction of said school building were void and defendants were enjoined from performing the same. "That all the money sought to be recovered in this cause of action was paid out by the defendant, Clifford Farris, as trustee of said Elmore township, on said contracts so adjudged to be void as aforesaid and pending said former cause of action. That in said former cause of action the court had jurisdiction of the subject-matter and of the parties, and power to render

State, ex rel., *v.* Farris—197 Ind. 128.

judgment in said cause for the restitution and repayment to said Elmore school township of the money so paid on said void contracts pending said former cause of action.   That by the answers in said former cause of action the merits of said cause of action and all matters involved in that litigation between the parties thereto growing out of and connected with the subject-matter of the suit were put in issue, and the finding and judgment of the court thereon were upon and covered all the issues of said former cause of action that were so litigated and that might or could have been litigated under said issues so joined; that by the said answers defendants challenged plaintiffs to produce, present, and to try and determine all matters within said issues and all claims and demands thereunder." By reason of which it was alleged that the cause of action sued on had been fully adjudicated in the former action.   There was no motion to make any allegations of this paragraph of answer more specific.   Overruling a demurrer thereto is the third error assigned.   But we think that the conclusions alleged carried an implication of facts sufficient to constitute a cause of defense, however much the few facts directly alleged might fall short of making out such defense.   And, under the present practice, allegations of conclusions are sufficient to withstand a general demurrer where there is no motion to make such allegations specific by stating the facts from which they are drawn.   §360 Burns 1926, §343a Burns' Supp. 1921, §1, ch. 62, Acts 1915 p. 123; *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 324, 123 N. E. 409; *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 380, 132 N. E. 740.

The judgment is affirmed.

Travis, J., dissents.