## GUTHRIE SCHOOL TOWNSHIP *v.* WILCOX.

[No. 15,184.  Filed January 19, 1937.]

*Clarke & Brooks, Thomas H. Branaman* and *Albert J. Fields,* for appellant.

*Matson, Ross, McCord & Clifford, Harry T. Ice, Robert L. Mellen* and *Emmet C. Mitchell,* for appellee.

CURTIS, J.—This was an action asking for judgment upon a bond issued in the name of the appellant, signed by its duly elected, qualified and acting trustee and also

authorized and signed by three members of an advisory board who were appointed by the board of commissioners of Lawrence County in which the appellant township is located. The appointments of the three members of the advisory board were to fill vacancies declared to exist because the elected or appointed members of the advisory board of such township had failed to take the oath of office required by law.

The bond in suit is one of an issue authorized on May 8, 1930, by the said advisory board and sold on October 13, 1930, for the purpose of erecting an addition to the township's school building. The funds derived from the sale of the bonds were used for that purpose. The addition to the school building was completed and since that time has been and now is used for school purposes. A tax was levied and collected which was sufficient to pay the amount of the appellee's bond but the successor township trustee refused to apply these funds to redeem said bond and hence this suit followed.

The complaint herein was filed on October 8, 1931. It was in one paragraph, to which the appellant filed answer in four paragraphs. There were various rulings upon the pleadings but we deem it non-essential in the determination of this cause to set forth these various rulings. The cause was finally submitted to the court for trial without the intervention of a jury upon the issues formed by the complaint and the appellant's general denial thereto, and the first and fourth paragraphs of the appellee's reply to the appellant's fourth paragraph of answer, to which paragraphs of reply the appellant filed general denial. The trial resulted in a finding and judgment in favor of the appellee and against the appellant upon the bond sued upon in the sum of $1,132.12, being the principal and interest together with the costs of the action. In due course the appellant filed a motion for a new trial which was overruled with an

exception reserved and this appeal thereafter prayed and perfected, the error assigned being the ruling on the motion for a new trial. The causes in the motion for a new trial which are urged by the appellant in its brief are that the decision of the court is contrary to law and alleged error in the admission of the appellee's exhibit 7 in evidence.

The appellee has assigned cross-error based upon the action of the trial court in sustaining the appellant's demurrer to the third paragraph of reply filed by the appellee to the fourth paragraph of answer filed by the appellant. We do not deem it necessary to take up further the cross-assignment of error owing to the fact that the appellee in his brief says: "The only purpose of urging this cross-error is to sustain the ultimate decision of the lower court." The conclusion we have reached makes it unnecessary for us to consider further the assignment of cross-error as will be manifest later in this opinion.

The appellee relies in part upon chapter 60 of the Acts of 1931, page 146, which became effective on June 30, 1931, at a time before the instant cause of action was commenced and contends that if there were any irregularities in the bond issue in question that such irregularities were cured by said legalizing act. We set out the salient part of said act as follows:

"Sec. 1. BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF INDIANA, That all bonds, . . . heretofore issued by or in the name of any . . . township, . . . either for corporate, or municipal purposes, or for the purpose of constructing public improvements . . . where said bonds, . . . have been sold and the moneys received from the sale thereof retained, or where said funds have been used for the purpose for which said obligations were ordered to be sold, or where the improvement, on account of which said obligations were issued, has been completed and accepted, are hereby legalized and declared valid; and all proceedings and

acts under which said bonds, ... were sold or issued are hereby fully legalized and declared valid.

Sec. 2. Nothing contained in this act shall be construed to affect pending litigation."

The appellant contends that the above act is not effective for the purpose of curing defects, if any in the said bond issue and relies upon section two of the act which we have heretofore set out, but there is no evidence to sustain the contention of the appellant in that respect except what may be drawn by an inference from some of the evidence to the effect that on the 26th day of July, 1930, there had been an action filed in the Lawrence Circuit Court to enjoin the issuance and sale of the said bonds for the construction of the school house heretofore mentioned but that a demurrer had been sustained on September 15, 1930, to the complaint therein and that no amended complaint had since been filed. The appellant's contention that this old action which was in no way connected with the instant case was pending litigation within the scope and meaning of the said curative act of 1931 heretofore set out cannot be sustained. It is to be noted in that connection that the subject-matter of the injunction suit, to wit: the issuance and sale of the bonds, had passed out of existence and that the bonds had been issued and sold and that there had been no restraining order of any kind or character in said injunction suit. In addition to the fact that no amended complaint was ever filed, the question had become moot. See *Bollenbacker* v. *Harris, etc.* (1925), 196 Ind. 657, 148 N. E. 417; *Follett* v. *Sheldon, Treas.* (1924), 195 Ind. 510, 144 N. E. 867; *Schneck* v. *The City of Jeffersonville et al.* (1899), 152 Ind. 204, 52 N. E. 212; *Fox* v. *Holman* (1933), 95 Ind. App. 598, 184 N. E. 194; *Bell* v. *Buescher Band Instrument Company et al.* (1930), 202 Ind. 12, 171 N. E. 377.

We think that the appellee's contention is correct and

that the bond in question along with the other bonds of the issue were fully legalized by the act above set out, all of which was done many months before the bringing of this action. The exception contained in section 2 of the act therefore could not apply.

But the appellant, notwithstanding the curative statute above set out which it claims does not apply, makes another contention to the effect that the advisory board who authorized and signed the bonds together with the trustee herein were not the duly elected and qualified advisory board. This, if sustained, would amount to a successful collateral attack upon the right of the individuals who purported to act as the advisory board in authorizing the bonds; also to a collateral attack upon the regularity of their proceedings. The right to hold an office cannot thus be tried. In addition to the principle of law just announced we point out that the advisory board whose acts and right to office are attacked herein by the appellant were appointed by the board of commissioners of Lawrence County on June 3, 1929, and almost a year later, to wit, on May 3, 1930, these members authorized the issuance of the bonds of which the bond in suit was one and they continued to act as the advisory board until November 15, 1930, when their successors were elected and qualified. They were in possession of the advisory board minute book, met with the trustees, transacted business, let contracts, including the one for the school addition, all of which were carried out, and made tax levies even for the payment of the bond in question, which taxes were collected by the successor trustee. At no time was any direct action either by way of an injunction or by *quo warranto* brought to question their right to office.

There was no prejudicial error in the ruling on the evidence as complained of by the appellant that would

require a reversal. It is also apparent from the ▮ record that the merits of the cause have been fairly tried and determined in the court below and this is an additional reason for affirming the judgment. See: Sec. 2-3231 Burns 1933, §505 Baldwin's 1934; also *Follett* v. *Sheldon, Treas., supra.*

The following additional authorities have been helpful: *Union School Township* v. *Moon* (1933), 205 Ind. 514, 187 N. E. 332; *State ex rel. Hitchcock et al.* v. *Farris et al.* (1925), 197 Ind. 128, 150 N. E. 18; *The School Town of Milford* v. *Seigler* (1890), 1 Ind. App. 138, 27 N. E. 303; *City of Terre Haute* v. *Burns* (1918), 69 Ind. App. 7, 116 N. E. 604; *Miller* v. *Jackson Township* (1912), 178 Ind. 503, 99 N. E. 102.

Finding no reversible error the judgment is affirmed.