WALLACE ET AL. *v.* THE CITY OF INDIANAPOLIS ET AL.

PRACTICE.—*Injunction.—Appeal.—Dismissal.*—In a case where the court below refused a perpetual injunction restraining the collection of certain assessments for street improvements, and on appeal, a temporary restraining order, pending the decision of the appeal, was refused by the Supreme Court, and before final decision the assessments were paid under protest, as appeared by the brief of the attorney for the appellant, this court declined to decide as to the correctness of the action of the court below, but dismissed the appeal.

APPEAL from the Marion Civil Circuit Court.

Wallace *et al. v.* The City of Indianapolis *et al.*

BUSKIRK, J.—The appellants applied to the court below for a perpetual injunction restraining the appellees from collecting the assessments that had been made on their property to pay for the improvement of Delaware street, in the city of Indianapolis. A demurrer was sustained to the complaint below, and the appellants excepted, and refusing to amend, judgment was rendered on demurrer, and the cause was dismissed, and judgment rendered against the appellants for costs. From that judgment they appealed to this court, where the cause is now pending.

The appellants have filed in this court a supplemental complaint, in which they pray for a temporary restraining order to operate until the decision of the main cause. The appellants and appellees have filed briefs, and their attorneys have made oral arguments. We have given the subject mature consideration, and are of the opinion that the appellants are not entitled to the relief prayed for. The restraining order is refused, but as we will have to decide, hereafter, upon the main cause, we withhold any expression of opinion.

PETTIT, C. J.—This suit was originally brought against the city alone, to enjoin her from making certain street improvements, for which she had passed an ordinance.

Subsequently, after the contract for the street improvement had been made, the work all done, and precepts issued and put into the hands of the treasurer of the city for the collection of the assessments against the plaintiffs for the respective amounts assessed against them, they filed a supplemental complaint against the contractors and the treasurer, to enjoin the collection of the money on the precepts. The defendants demurred to the complaint for want of sufficient facts, which was sustained, and exception taken. An appeal was taken, and in this court an application was made for a restraining order to stay the collection of the precepts until the final determination of the case here, which was refused by us. Since which action of this court all the assessments and precepts against the appellants have been fully paid by

them under protest, as their attorneys fully admit in their long and ably prepared brief. The counsel for appellants say that "a practical difficulty may seem to be in the way of a reversal of the judgment of the court below, the acts sought to be enjoined having been already consummated." It is admitted, and we think it is clear, that if we were to reverse the judgment and hold the complaint good, the court below could not grant the injunction asked for, to prevent the doing of acts which are already done. Yet the counsel seem desirous that we should go to the labor and research, requiring a long opinion to decide the questions arising from sustaining the demurrer. This we must decline to do. It is not our duty to decide mere legal questions, when neither party can derive any legal benefit from such decision, and we have too many real questions before us, requiring our time and labor, to allow us to write mere speculative opinions to gratify ourselves or others, and in which no one has any legal right or interest depending.

As no legal benefit can be secured to either party by a decision of the questions in the case, we shall dismiss it.

The appeal is dismissed, at the costs of the appellants.

*J. R. Troxell, C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellants.

*W. Wallace* and *J. S. Harvey,* for appellees.