Demaree *et al. v.* Johnson *et al.*

---

DEMAREE ET AL. *v.* JOHNSON ET AL.

[No. 18,193. Filed April 7, 1898. Rehearing denied, and Mandate modified May 13, 1898.]

APPEAL.—*Bond on Appeal from Board of Commissioners to Circuit Court.—Presumption.*—The bond to be filed with the county auditor on appeals from the board of county commissioners, as provided by section 7860, Burns' R. S. 1894, is no part of the proceedings of the board, and on appeal of such a cause, from a judgment of the circuit court to the Supreme Court, it will be presumed in the absence of any showing to the contrary that the bond was filed with the auditor and delivered to the clerk as provided by the statute. *pp. 420, 421.*

ELECTIONS.—*Voting Aid by Township to Railroad.—Notice of Election Essential.*—Under section 5342, Burns' R. S. 1894, providing as to the manner of voting by a township of aid to a railroad company, the giving of notice is essential to the validity of the election. *p. 422.*

RAILROADS.—*Public Aid.—Statutes Strictly Construed.*—Railroad aid laws, as they, in a manner, deprive the owners of the full control and disposition of their property, by giving to others the power to encumber it, should be strictly construed in favor of the rights of property. *p. 423.*

SAME.—*Public Aid.—Irregularities af Election.*—A railroad aid tax will not be overthrown for mere irregularities in the election that do not affect substantial rights. *p. 423.*

ELECTIONS. — *Public Aid to Railroad. — Bribery.* — An election to

determine whether a township will vote aid to a railroad will be vitiated where fraud and bribery were practiced to such an extent as to affect the result. *p. 423.*

RAILROADS.—*Public Aid.—Tax Levy.—Remonstrance.*—Where only the legality of the election and the action of the board of commissioners in making the levy is questioned, a remonstrance against the levy, on the ground that it was placed upon the tax duplicate before the road had been permanently located, is demurrable. *p. 423.*

ELECTIONS.—*Public Aid to Railroad.—Notice of Election.—Statute Construed.*—The provision of section 5342, Burns' R. S. 1894, that the sheriff shall post copies of the notice of election in the township where the election is to be held is directory as to the manner of giving notice, the actual giving of notice being the essential requirement. *p. 427.*

From the Johnson Circuit Court.   *Reversed.*

*R. M. Miller, H. C. Barnett* and *Maurice Douglass,* for appellants.

*F. E. Gavin, C. F. Coffin, T. P. Davis, T. W. Woollen, G. M. Overstreet, Jesse Overstreet* and *J. V. Oliver,* for appellees.

HOWARD, C. J.—The questions discussed on this appeal relate to the voting by a township of aid to a railroad, under provisions of section 5340, Burns' R. S. 1894 (4045, R. S. 1881), and following sections.

The board of commissioners of Johnson county, over the remonstrance of appellants, found that on December 21, 1894, the voters of Pleasant township, in said county, at an election duly held for that purpose, decided, by a majority of 53 votes, that a tax of $34,000.00 should be levied in said township in aid of the construction of the Indianapolis, Greenwood and Franklin railroad.   Thereupon the board ordered the levy of a tax, in pursuance of the provisions of the statutes above cited.

It is first contended by appellees that the record shows no appeal to the circuit court from this action of the county board, and they move for the dismissal

of the appeal to this court, for the reason that, "No appeal bond was filed by the appellants with the auditor of Johnson county, nor was any bond approved by said auditor, as required by law for the taking of an appeal from the order of the board of county commissioners."

Counsel cite *Shirk* v. *Moore*, 96 Ind. 199, which decides that if no appeal bond is filed with the auditor, the appeal may be dismissed in the circuit court. A like decision was made in *Crumley* v. *Hickman*, 92 Ind. 388. In those cases, however, the objection was taken in the circuit court. Here, there is nothing to show that any motion was made in the trial court to dismiss the appeal, or that any suggestion was there made that no appeal bond had been filed.

It is provided in section 7860, Burns' R. S. 1894 (5773, R. S. 1881), that an appeal from the county board to the circuit court shall be taken "by the appellant filing with the county auditor a bond." But there is no requirement that this bond, or a copy thereof, shall be made a part of the record in the circuit court. The succeeding section, section 7861, Burns' R. S. 1894 (5774, R. S. 1881), provides that, "Within twenty days after the filing of such appeal bond, the auditor shall make out a complete transcript of the proceedings of said board relating to the proceedings appealed from, and shall deliver the same, and all the papers and documents filed in such proceedings, and the appeal bond, to the clerk of the court to which the appeal is taken." All that needs to appear, then, in the auditor's transcript, is a copy of the proceedings of the board. The bond is no part of those proceedings; but is simply to be transmitted to the clerk with the other papers and documents. In the absence of any showing to the contrary, and of any objection taken in the court below, we must pre-

sume that the bond was filed with the auditor and delivered to the clerk, as required by the statute, and that the court therefore rightfully assumed jurisdiction of the appeal from the county board.

In the circuit court the appellants amended and re-filed their remonstrance against the order of the board. To the first, second, third, fourth, eighth, ninth, tenth, eleventh, and twelfth specifications of the remonstrance the court sustained a demurrer, and the appellants, standing by their remonstrance so made and demurred to, and refusing to plead further, this appeal followed.

It is provided in section 5342, Burns' R. S. 1894 (4047, R. S. 1881), that the county auditor shall give notice of the election to be held for voting aid to the construction of a railroad, by publication for at least four weeks in some newspaper of general circulation, and also by printed handbills to be posted by the sheriff in ten public places in the township three weeks prior to the election.

In the first, second, and third specifications of remonstrance it is averred that the notice so required was not given. The first specification reads as follows: "Because no notice was given to the voters of the pretended election held in said Pleasant township on the 21st day of December, 1894, relative to the making of such appropriation." The demurrer admits the truth of this averment, and it is no answer on this appeal to say, as counsel do, that some form of notice was given, and that such notice was by the board deemed sufficient. If such were the case, appellees should have replied to the remonstrance, and made proof of the notice, if any, which was given, so that it might be determined whether the same were sufficient. On a collateral attack it might be presumed that the board found that notice was given,

and that the same was sufficient (*Tucker* v. *Sellers*, 130 Ind. 514); but this is a direct appeal, and if there was in fact no notice, as admitted by the demurrer, the election should be declared void.   Railroad aid laws, as they impose a burden upon the public, and, in a manner, deprive the owners of the full control and disposition of their property, by giving to others the power to encumber it, should be strictly construed in favor of the rights of property.   *Garrigus* v. *Board, etc.*, 39 Ind. 66; *Miles* v. *Ray*, 100 Ind. 166.

The objection that election sheriffs were not appointed for the election, may perhaps be regarded as technical, unless some person were shown to have been thereby deprived of his right to vote, or some other serious injury were thus caused.   A railroad aid tax will not be overthrown for mere irregularities that do not affect substantial rights.   *Irwin* v. *Lowe*, 89 Ind. 540.

In the eighth, ninth, and tenth specifications of the remonstrance, it is charged that the election was vitiated by fraudulent practices, including bribery, on the part of appellees.   We do not think these specifications were sufficiently explicit, so as to require that the demurrer should have been overruled.   Of course, if such fraud and bribery were practiced to such a degree as to affect the result of the election, the tax ought not to stand.   The unbiased vote of the people should be sought in this, as in every other election, and it might have been better that the appellees should have been ruled to reply to the charges so made.

There was no error in sustaining the demurrer to the eleventh and twelfth specifications of the remonstrance.   If the tax had been legally voted, the board might rightfully levy the same.   If, however, the board exceeded its duty in ordering the tax placed

upon the duplicate before the road had been permanently located in the township, in violation of section 5368, Burns' R. S. 1894 (4068, R. S. 1881), that would be an error not affecting the questions now before us, which concern only the legality of the election and of the action of the board in making the levy.

· The judgment is reversed, with instructions to overrule the demurrer to the first, second, and third specifications of the remonstrance, and to each of them, and for further proceedings.

## ON PETITION FOR REHEARING, AND TO MODIFY MANDATE.

HOWARD, C. J.—The first specification of remonstrance against the levy of the railroad aid tax in this case was that no notice of the election had been given. The demurrer admitted the truth of this averment, and the court could not go elsewhere to find it untrue. As there could be no legal imposition of the tax without notice to the people of the election to be held therefor, it must follow that the demurrer to the first specification of remonstrance should have been overruled.

The second and third specifications of remonstrance were to the effect that the auditor had not delivered to the sheriff, and the sheriff had not posted the ten copies of the notice of election provided for in the statute. Counsel for appellee, however, insist that the notices required by the statute might have been delivered to some one else than the sheriff, and might have been duly posted by such other person, and hence that the people might have received the actual notice provided for in the statute, and that the failure to comply with the letter of the statute was, consequently, but an irregularity, and, as such, not sufficient to invalidate the election.

In *Beal* v. *Ray*, 17 Ind. 554, it was held that a vacancy in office could not be filled at the time of a general election, when the vacancy had not occurred long enough before the election to permit the giving of the proper statutory notice.   But if the vacancy had occurred long enough before the election to enable the election officers to give the required notice, then the failure to give the notice would not invalidate the election, unless it should appear that such want of notice deprived voters of knowledge of the time and place of the election, so as to change the result.   The simple failure of the official to do his duty in the giving of the notice could not, of itself, deprive the people of their right to elect, when an election was provided for by law.   *State* v. *Jones*, 19 Ind. 356, 81 Am. Dec. 356; *City of Lafayette* v. *State*, 69 Ind. 218.   As said by Mr. Cooley, Const. Lim. 603, "Where, however, both the time and the place of an election are prescribed by law, every voter has a right to take notice of the law, and to deposit his ballot at the time and place appointed, notwithstanding the officer whose duty it was to give notice of the election has failed in that duty."

An important distinction, however, is to be observed between general and special elections.   The time, place, and manner of holding the former being fixed by law, the electors may, and indeed must, take notice of them, and as to such elections, the statutory requirement of public notice may be regarded as directory only.   But as to special elections it is otherwise.   As to filling vacancies, for example, which occur not in the ordinary way, by expiration of the term, but by death, resignation, or removal from office, the statute as to notice "is mandatory, and an essential prerequisite to all such elections."   McCrary Elections (4th ed.), section 185.   In a note to this section,

citing *State* v. *Tucker*, 32 Mo. App. 620, it is said: "In special elections the notice called for by the law is absolutely essential to the validity of the election."

In section 196 of his work, Mr. McCrary says that in an election by a municipal body, authorized for the purpose of determining a particular question, as the voting of aid to a railroad, where the statute points out no mode for conducting such election, the mode provided for conducting other elections by such municipal body should be followed. From this statement, the inference would arise that if the statute provide a particular mode of conducting the election, such mode should be followed.

The rule seems to be that statutes providing the mode of proceeding by public officers are directory, and are not to be regarded as essential to the validity of the proceedings, unless there is something in the statute itself, or in its general scope and policy, which plainly shows a different intent. Sutherland Stat. Const., sections 451, 452; Endlich's Inter. Stat., sections 431-440.

For the validity of an election not provided for in a general statute, the giving of notice, as we have seen, is essential. But if such notice is given, if the people have been informed as to the fact, time, and place of the election, and have actually participated in it, then, the election cannot be held invalid, so far as notice is concerned, unless there is a clear intent manifest in the statute to make something relating to the manner of giving the notice essential to such validity. Of course if it were shown that the failure to give the notice in the manner provided for in the statute had resulted in preventing such a number of electors from participating in the election as would have changed the result if they had voted, then the failure to give the notice as required by the statute would be fatal.

In the light of the foregoing principles, we are, on reflection, inclined to think that the second and third specifications of remonstrance, while showing a failure of official duty on the part of the election officers, are yet insufficient to show the invalidity of the election. If the people of Pleasant township had such actual notice of the election as provided by the statute, the result of the election could not be changed by the circumstance that the notice was not given by the official appointed to that service by the statute. It would seem, then, that as to the manner of giving the notice, the statute is simply directory, the actual giving of the notice being the essential requirement.

The petition for a rehearing is therefore overruled, but the mandate is so modified that the judgment is reversed, with instructions to overrule the demurrer to the first specification of the remonstrance, and for further proceedings.