Manlove v. State.

## MANLOVE v. THE STATE.

[No. 18,583.　Filed March 29, 1899.　Motion to reinstate appeal denied June 27, 1899.]

CRIMINAL LAW.— *Seduction.— Pardon.— Appeal.*—Where one convicted of seduction is pardoned by the Governor pending an appeal, the appeal will be dismissed.　*pp. 80, 81.*

APPEAL.—*Costs.*—An appeal will not be entertained simply to determine who shall pay the costs of the trial.　*p. 81.*

From the Henry Circuit Court.　*Appeal dismissed.*

*D. W. McKee* and *Nation & Beard,* for appellant.

*W. L. Taylor,* Attorney-General, *W. R. Steele, Merrill Moores* and *A. E. Dickey,* for State.

BAKER, J.—Appellant was convicted of seduction and sentenced to the reformatory. The Attorney-General, by verified motion to dismiss, shows that appellant since taking this appeal has married the complaining witness and accepted the Governor's pardon conditioned on good behavior. Appellant admits these facts, but contends that he is entitled to a review of the proceedings because that part of the judgment which assesses a fine and costs against him remains in force.

A party may not accept a benefit based on the legality of a judgment and thereafter be heard to complain that the judgment is erroneous.　2 Ency. Pl. & Pr. 173-182, and cases cited; *Glassburn* v. *Deer,* 143 Ind. 174; *McGrew* v. *Grayston,* 144 Ind. 165. In *Garner* v. *Garner,* 38 Ind. 139, appellant was defendant in divorce proceedings. Judgment for divorce, alimony and costs was rendered against him. After judgment, before appeal, he married another. His remarriage was shown in a motion to dismiss. He insisted that he had the right to have the judgment reviewed so far as ali-

mony and costs were concerned. This court expressed the opinion that, "having availed himself of the benefits of the judgment, he must bear its burdens." In the similar case of *Stephens* v. *Stephens*, 51 Ind. 542, the court said: "By his marriage after his divorce, in contemplation of law he admitted that he was legally divorced from his former wife."

The pardon did not relieve appellant of the judgment for costs. They are a debt for which he remains liable to officers and witnesses. *Smith* v. *State*, 6 Lea 637; *Ex parte Purcell*, 61 Ark. 17, 31 S. W. 738; *Ex parte Gregory*, 56 Miss. 164. But they were assessed as part of the judgment which was based on a verdict of guilty. The assignments of error challenge the correctness of the judgment as an entirety. On a new trial appellant might interpose his pardon and his marriage. *State* v. *Otis*, 135 Ind. 267, 21 L. R. A. 733. It would be beyond the power of the State to force him to meet the information on its merits. The substantial element of the controversy has been eliminated. An appeal will not be entertained simply to determine who shall pay the costs in the trial court. *Faucher* v. *Grass*, 60 Ia. 505; approved in *Stauffer* v. *Salimonie, etc., Co.*, 147 Ind. 71. The question of appellant's liability to fine and costs cannot be reached except by overturning the judgment as a whole. He may not so attack the judgment because, by asking and accepting executive clemency, he said in effect that he was rightly convicted. He may not admit guilt to escape imprisonment and at the same time protest innocence to avoid payment of fine and costs. Appeal dismissed.