The State of Indiana, ex rel. Gregory, *v.* Boyd.

[No. 21,201.     Filed February 19, 1909.     Rehearing denied April 21, 1909.]

Appeal.— *Moot Question.— Costs.— Dismissal.— Quo Warranto.— Clerk.*—Where the clerk-elect of the circuit court instituted an action in *quo warranto* merely for the possession of the office to which he was elected, from November 15 to January 1, and on January 1 the clerk delivered possession of such office, an appeal from the judgment denying relator's title to such office for such period, will be dismissed, since the Supreme Court will not retain jurisdiction thereof for the determination of the question of costs alone.

From Crawford Circuit Court; *Christopher W. Cook.* Judge.

Action by The State of Indiana, on the relation of William L. Gregory, against Elwood G. Boyd. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*Clyde R. Lottick* and *R. S. Kirkham,* for appellant.

*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

MONTGOMERY, J.—This is an action of *quo warranto* brought by the relator on December 3, 1906, to obtain possession of the office of Clerk of the Crawford Circuit Court. The term in dispute extended from November 15, 1906, to January 1, 1907. On December 15, 1906, appellee appeared and demurred to the complaint, and the issue of law thus tendered was taken under advisement until May 27, 1907, when the demurrer was sustained. The relator declining to amend, and electing to stand upon his complaint, final judgment was rendered against him, from which this appeal is prosecuted.

Appellee has filed a verified motion to dismiss this appeal, for the reasons that (1) the relator is disqualified from certifying to the transcript in his own cause; (2) on January 1, 1907, appellee surrendered possession of the office in question to relator, who has ever since been in peaceable possession thereof, and there is no longer any subject-matter in controversy; (3) the General Assembly of Indiana, by an act approved February 19, 1907 (Acts 1907, p. 43, §§9144-9147 Burns 1908), legalized and validated appellee's possession of the office during the disputed term.

The view we take of the question renders unnecessary a consideration of the first and third specified grounds of dismissal. The relator, by his complaint, sought only to obtain possession of the office of clerk for a particular term, and made no claim to the salary or fees appertaining thereto, or demand for damages. The term in dispute expired January 1, 1907, and thereupon appellee voluntarily delivered the office to the relator. It is manifest that thereafter no subject-matter was involved upon which the judgment of the court could operate. The act which gave rise to this controversy (Acts 1903, p. 24) having been repealed (Acts 1907, *supra*), we are not warranted in assuming that the abstract question presented by this appeal is of general interest to the public.

It appearing to the court that no concrete matter, in dispute between the parties, remains for settlement, jurisdiction will not be retained to determine merely an incidental question of costs. *Stauffer* v. *Salimonie Min., etc., Co.* (1897), 147 Ind. 71; *Manlove* v. *State* (1899), 153 Ind. 80; *State, ex rel.,* v. *Board, etc.* (1899), 153 Ind. 302; *Rowe* v. *Bateman* (1899), 153 Ind. 633; *State, ex rel.,* v. *Indianapolis Gas Co.* (1904), 163 Ind. 48; *Dunn* v. *State, ex rel.* (1904), 163 Ind. 317; *Hamer* v. *Commonwealth* (1907), 107 Va. 636, 59 S. E. 400; *Board, etc.,* v. *People, ex rel.* (1906), 36 Colo. 246, 91 Pac. 36; *Waller* v. *Henderson Tel., etc., Co.* (1907), (Ky.), 101 S. W. 372; *Taylor* v. *Vann* (1900), 127 N. C. 243, 37 S. E. 263; *Elbon* v. *Hamrick* (1904), 55 W. Va. 236, 46 S. E. 1029; *Jeter* v. *Goughenour* (1905), 37 Tex. Civ. App. 643, 84 S. W. 1091; *Riggins* v. *Richards* (1904), 97 Tex. 526, 80 S. W. 524; *State, ex rel.,* v. *Lyons* (1904), 143 Ala. 649, 39 South. 214; *Campbell* v. *Shelby County* (1906), 147 Ala. 703, 41 South. 407; *Lindsey* v. *Kerr* (1904), (Iowa), 97 N. W. 1000; *State, ex rel.,* v. *Cummings* (1902), 27 Wash. 316, 67 Pac. 565; *Watson* v. *Merkle* (1899), 21 Wash. 635, 59 Pac. 484; *People, ex rel.,* v. *Rose* (1898), 81 Ill. App. 387.

The appeal is dismissed.