## MODLIN ET AL. v. BOARD OF COMMISSIONERS OF THE COUNTY OF GRANT.

[No. 8,769. Filed December 18, 1913.]

1. COUNTIES. — *Boards of County Commissioners.* — *Liability.* — *Breach of Contract*—In the letting of a contract for the construction of a highway, the board of county commissioners represents the sovereign power of the State, and is not liable in damages in reference to such contract. p. 241.

2. APPEAL.—*Jurisdiction.*—*Moot Questions.*—Where there is no question of general public interest involved in an appeal, and nothing is in dispute between the parties under the issues of the case on which the court could grant relief by any judgment it might render, jurisdiction will not be retained to determine merely an incidental question of costs. p. 241.

3. APPEAL.—*Jurisdiction.*—*Moot Questions.*—Where, after suit was brought to enjoin the letting of a contract for the construction of a highway, and prior to an appeal from the judgment rendered, the bid was let and the work was completed, so that a reversal of such judgment could not be followed by an injunction, the right to such injunction is merely a moot question requiring a dismissal of the appeal, even though appellant thereby becomes liable on the injunction bond, since the question of such liability is not an issue in the case before the court. p. 241.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Hiram C. Modlin and another against the Board of Commissioners of the County of Grant. From a judgment for defendant, the plaintiffs appeal. *Appeal dismissed.*

*Elias Bundy,* for appellants.

*Hiram Brownlee* and *Orlando L. Cline,* for appellee.

FELT, J.—On March 6, 1909, the Board of Commissioners of Grant County, Indiana, in a regular proceeding, after due notice awarded to Hiram C. and Nathan P. Modlin, doing business under the name of Modlin Brothers, the contract for the construction of a certain macadam road for the sum of $10,247. A bond was duly given for the completion of the road according to the plans and specifications

adopted therefor. There was no contract other than that which resulted from the acceptance of the bid by the board. The notice to bidders stated that the work should be completed by November 1, 1909. On September 23, 1909, the proceeds from the sale of bonds issued to provide funds for the building of said road were available. No actual work on said road was done by said Modlin Brothers.

Thereafter, by another notice duly given, by the board of commissioners, the work was advertised to be relet on May 3, 1910. On February 16, 1910, this suit was brought to enjoin appellee, the Board of Commissioners of Grant County, from reletting said contract. The appellants obtained a temporary restraining order, and thereafter on March 24, 1910, a demurrer for want of sufficient facts was sustained to appellants' complaint, and on refusing to plead over, judgment was duly rendered against them for costs.

An appeal from said judgment was taken and perfected, on January 30, 1911. Appellee has filed a verified motion to dismiss the appeal. The motion in substance shows the rendition of the judgment as aforesaid; that the only relief prayed for was an injunction against appellee to prevent the reletting of said contract; that forty days after the rendition of said judgment, and before any appeal was taken therefrom, upon due notice, appellee, on May 3, 1910, relet said contract to the firm of Alexander and Crosby for the sum of $8,539; that they gave bond for the due performance of said work in accordance with the profile, plans and specifications, adopted therefor; that they entered upon said work at once and completed the same in accordance with the profile, plans and specifications aforesaid and on August 24, 1910, the duly authorized superintendent and engineer filed with the auditor of Grant County, Indiana, his verified report showing that said road had been completed in accordance with said plans and specifications; that thereafter on September 5, 1910, said board in regular session found that said road had been duly completed, accepted

the same and ordered the auditor to issue a warrant to said contractors for the balance due on the contract for the construction of said road which was done; that the acts sought to be enjoined by this suit have been consummated and if the judgment of the lower court should be reversed, no injunction could be granted the appellants. The only relief demanded by the complaint is an injunction against the letting of a contract which has been let, and under which the work has been completed, accepted by the proper authorities, and paid for in full.

If a reversal should be obtained, no injunctive relief could be granted and the complaint could not be amended so as to entitle appellants to damage for the reason that

1. in the letting of such contracts the board of commissioners does not act in a corporate capacity, but represents the sovereign power of the State and cannot be held liable for damages in reference thereto. *Donaldson* v. *State, ex rel.* (1910), 46 Ind. App. 273, 278, 90 N. E. 132, 91 N. E. 748; *Board, etc.,* v. *Branaman* (1907), 169 Ind. 80, 86, 82 N. E. 65; *King* v. *Board, etc.* (1904), 34 Ind. App. 231, 72 N. E. 616.

Where there is no question of general public interest involved and nothing is in dispute between the parties under the issues of the case on which the court could grant

2. relief by any judgment it might render, jurisdiction will not be retained to determine merely an incidental question of costs. *State, ex rel.* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140, and cases cited; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385. Since the act sought to

3. be enjoined has long since been consummated, if the judgment of the lower court should be reversed, no injunction could be legally issued. The question involved in this appeal, therefore, has become a moot question and the motion to dismiss the appeal should be sustained. *Wallace* v. *City of Indianapolis* (1872), 40 Ind. 287; *Hale* v.

*Berg* (1908), 41 Ind. App. 48, 52, 83 N. E. 357; *State, ex rel. v. Board, etc.* (1899), 153 Ind. 302, 313, 54 N. E. 809; *Stauffer* v. *Salimonie Min., etc., Co.* (1897), 147 Ind. 71, 73, 46 N. E. 342; Elliott, App. Proc. §148. Appellants do not controvert the facts on which the dismissal is asked except to contend that in procuring a temporary restraining order they became liable to appellee for damages on the record as it now stands; that the sufficiency of their complaint should be determined by this court to decide the question of their liability on the bond given to procure the temporary restraining order. That question is not and cannot be an issue in this case. Under the decisions already cited, when the principal questions in issue have ceased to be matters of real controversy between the parties, the errors assigned become moot questions and the court will not retain jurisdiction to decide them or to decide questions incidentally or indirectly involved in the appeal. In *Hale* v. *Berg, supra,* this court quoted with approval from *Mills* v. *Green* (1895), 159 U. S. 651, 16 Sup. Ct. 132, 40 L. Ed. 293, where it is said on page 51: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." It is also said that *Wallace* v. *City of Indianapolis, supra,* is not in point, for the reason that in that case the act which ended the controversy was consummated during the pendency of the appeal. This fact seems to emphasize the rule against appellants in this case for the reason that this appeal was not taken until after the act sought to be enjoined, viz., the letting of the contract, had been consummated.

Unless we may go outside the issues to find a reason for deciding the question presented by the appeal, the assignment of errors presents only a moot question and we find no authority warranting us in so doing. Neither do we

believe any good purpose can be subserved by extending the rule. The rule as above announced is well established and has been uniformly followed by both our courts of appellate jurisdiction. The appeal is dismissed.

NOTE.—Reported in 103 N. E. 506. See, also, under (1) 11 Cyc. 411, 412; (2) 2 Cyc. 535; (3) 2 Cyc. 533.