## HOLMES *v.* NEGLEY.

[No. 13,225.   Filed January 27, 1928.]

1.   APPEAL.—*Courts of appeal will not retain jurisdiction to decide moot questions.*—Courts of appeal will not retain jurisdiction of a cause simply to settle moot questions; some question affecting the public and public interests must be involved before they will retain jurisdiction to decide moot questions. p. 725.

2.   APPEAL.—*Appeal by one enjoined from interfering with temporary mayor will be dismissed where mayor was elected pending appeal, who had superseded temporary mayor.*—There being a vacancy in the office of mayor, the city council, acting on the theory that there was no city comptroller to act as mayor, elected a mayor *pro tempore* to serve until the council could elect some one to serve out the unexpired term of mayor (§10276 Burns 1926). The mayor *pro tempore* brought a suit to enjoin certain claimants from interfering with him in the discharge of his official duties and a judgment was rendered to that effect, from which one of the defendants appealed. It having been suggested that the council had elected a mayor to fill the vacancy, who had superseded the plaintiff, the only question involved had become moot, and the appeal must be dismissed. p. 725.

3.   APPEAL.—Courts of appeal will not retain jurisdiction of a cause simply to determine who shall pay the costs of the appeal. p. 725.

From Marion Superior Court (A 41,853); *Joseph M. Milner,* Judge.

Suit by Claude E. Negley against Ira M. Holmes and another. From a judgment for plaintiff, the defendant Holmes appeals. *Appeal dismissed.* By the court in banc.

*Louis B. Ewbank, Schuyler A. Haas* and *Thomas C. Whallon,* for appellant.

*Clinton H. Givan,* for appellee.

*Elias D. Salsbury* and *Joseph Morgan,* Amici Curiae.

PER CURIAM.—The controlling facts of this case are as follows: On October 27, 1927, the common council of the city of Indianapolis, at a meeting duly called for that purpose, and acting upon the theory that there was a vacancy in the office of mayor of said city, and that there was no city comptroller, proceeded to designate one of its members, Hon. Claude E. Negley, to act as mayor *pro tempore,* "to act and perform the duties of mayor until such time as the common council of the city of Indianapolis can choose a permanent mayor to fill the vacancy now existing," and November 8, 1927, at 2 o'clock p. m. was designated and fixed as the time when such council should meet "for the purpose of selecting some suitable person to fill out the unexpired term of John L. Duvall."

On October 28, 1927, said Negley filed in the superior court of Marion county, room 5, his complaint against John L. Duvall and Ira M. Holmes, alleging therein, *inter alia,* that said defendants were interfering with him in the discharge of his official duties as the temporary acting mayor of said city, and he asked that a temporary restraining order be issued against the said defendants, restraining them from such interference until the further order of the court. The restraining order was issued with notice that a hear-

ing thereon would be had on October 29, 1927, at 10 o'clock a. m., which order and notice were duly served on both defendants.

On October 29, 1927, a second paragraph of complaint was filed, the allegations of which were directed against the defendant Ira M. Holmes only. In this paragraph, it was charged that said Holmes was interfering and threatening to interfere with said Negley in the discharge of his duties as acting mayor of the city of Indianapolis, and asking for injunctive relief. On November 9, 1927, appellant filed a demurrer to said complaint, which was overruled, and, he refusing to plead further, the court rendered judgment against him and ordered that the restraining order theretofore issued should be made permanent.

A suggestion, duly supported by affidavit, that the matters involved in this appeal are now moot and that the appeal should be dismissed, has been presented to this court.

It appears from the record and papers duly before us that the appellee in this action sought only injunctive relief—the restraining of the parties named from 1-3. interfering with him in the discharge of his duties as acting mayor *pro tempore*. It now appears that his duties as such acting mayor ceased, and that he ceased to act as such mayor, on November 8, 1927, and that the Hon. L. Ert Slack was, on said date, elected by the common council of the city of Indianapolis, mayor of said city, to serve out the unexpired term of John L. Duvall. It would, therefore, appear that the injunction herein, of which complaint is made, has spent its force; that the same is now without legal force and effect, due to the fact that it has nothing now, within its terms, upon which to operate, and the questions sought to be now presented are moot. It is well settled that courts will not retain jurisdiction of a cause

such as this simply to settle moot questions; some question affecting the public and public interests must also be involved before courts of appeal will retain jurisdiction and decide moot questions. *State, ex rel., v. Boyd* (1909), 172 Ind. 196, 87 N. E. 140; *Meyer v. Farmers State Bank* (1913), 180 Ind. 483, 103 N. E. 97; *Keller, Mayor, v. Rewers* (1921), 189 Ind. 339, 127 N. E. 149. There is no public interest affected or involved in this appeal, and no question, not moot, except the matter of costs, and jurisdiction will not be retained simply to determine who shall pay costs. *State, ex rel., v. Boyd, supra.*

The Hon. Elias D. Salsbury has filed a brief herein as amicus curiae, and the appellant has filed a motion to strike the same from the files; this motion to strike out said briefs is overruled.

The matters sought to be determined in this appeal being moot, and no public interest being involved, the appeal is dismissed.