BELL *v.* BUESCHER BAND INSTRUMENT COMPANY ET AL.

[No. 25,810.   Filed May 16, 1930.]

*Hughes & Arnold,* for appellant.

*Verne G. Cawley* and *Winston, Strawn & Shaw,* for appellees.

GEMMILL, J.—The appellant brought this action against the appellees in the Elkhart Circuit Court to enjoin the reorganization of the Buescher Band Instrument Company under and pursuant to the provisions of ch. 215 of the acts of the 76th Regular Session of the General Assembly of the State of Indiana, and known as "The Indiana General Corporation Act."

A temporary restraining order was issued; and, upon the hearing of an application for a temporary injunction, the court dissolved the temporary restraining order and denied the application for a temporary injunction. On appeal, it is assigned as error that the court erred in refusing appellant's application for a temporary injunction.

Appellees have filed a verified motion to dismiss the appeal for the reason that, since the temporary injunction was denied, said Buescher Band Instrument Company was duly reorganized under and pursuant to said Indiana General Corporation Act; that the complaint of the appellant seeks only to restrain the appellees from reorganizing said Buescher Band Instrument Company under said act; that, if there should be a reversal of the decision of the lower court, no injunctive relief, being the only relief sought in the complaint, could be granted; that there is no question of general public interest involved in this litigation; and that the question involved in this appeal, to wit: the constitutionality of the Indiana General Corporation Act, has become a moot question.

It appears that articles of reorganization were duly adopted and approved by the stockholders on July 23,

1929; that three copies of the articles of reorganization were filed in the office of the Secretary of State of the State of Indiana on July 26, 1929; and one of the copies of the articles of reorganization which had been filed with the Secretary of State and approved by him was filed for record in the office of the recorder of Elkhart County, Indiana, and duly recorded by him on July 30, 1929. The application for temporary injunction had been denied prior thereto, on July 20, 1929. An appeal bond was filed by appellant and approved on August 9, 1929, and notice of the appeal was served on appellees on August 14, 1929.

In *South Park Floral Co.* v. *Garvey* (1914), 182 Ind. 635, 107 N. E. 68, it was held, where it appeared on appellee's motion for dismissal that, pending appeal from a judgment for appellee in an action to enjoin him from performing a contract for certain street improvements, he fully performed the contract and the work had been accepted and paid for, a dismissal of the appeal was required. The court said: "It thus appears that because of appellee's acts, since the appeal was taken, there is nothing on which an order of injunction could operate, and the motion to dismiss must be sustained, but the dismissal should be at appellee's costs." In *Modlin* v. *Board, etc.* (1913), 55 Ind. App. 239, 103 N. E. 506, which was a suit to enjoin the reletting of a contract for the construction of a highway, and prior to an appeal from the judgment rendered, the bid was let and the work completed; the appeal was dismissed, as a reversal of the judgment could not be followed by an injunction, and the right to such injunction became a moot question. In *Johnson* v. *Paris, Trustee* (1922), 78 Ind. App. 110, 134 N. E. 880, in an action to enjoin a township trustee and members of a township advisory board from letting a contract for the construction of a gymnasium, an appeal from a judgment for the defendant was dismissed,

as it appeared that the building had been constructed, accepted and paid for and only a moot question was involved.

In an adjoining state, it has been held that the right to afford relief by injuction is not lost by the fact that, during the pendency of the suit, the act which it sought to enjoin has been done. But that rule has not been adopted in this jurisdiction.

This court will not decide mere moot questions, but will dismiss the appeal when it is made to appear that, no actual controversy is involved. *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869, and cases cited therein.

This action sought only to restrain appellees from reorganizing said company under the provisions of the Indiana General Corporation Act. It appears that the reorganization has been fully and finally consummated. If the decision of the lower court should be reversed, it would not be possible for that court to grant a temporary injunction to enjoin that which has already been done. No question of general public interest is involved herein. The question raised in this appeal has become moot and the motion to dismiss should be sustained. The appeal bond was not filed and notice of appeal was not served on appellees until after the reorganization of the company had taken place, so appellant should pay the costs of the appeal.

The appeal is dismissed at the costs of the appellant.