MELSON ET AL. *v.* SHETTERLEY ET AL.
[No. 14,401. Filed January 13, 1933.]

R. W. *Lennington & Sons* and *Harry S. Redkey,* for appellants.

*Lewis E. Kimberlin, J. F. Charles* and *Bagot, Free & Bagot,* for appellees.

SMITH, J.—This action was filed by appellants, who are taxpayers of the town of Chesterfield, Indiana, against the auditor and treasurer of Madison County to enjoin the collection of taxes for the year 1930, due and payable in 1931. The case was submitted to the lower court for trial upon two paragraphs of complaint and answer in general denial to each paragraph; the first paragraph seeking to enjoin the auditor of Madison County from placing upon the tax duplicate a certain levy made by the board of trustees of the town of Chesterfield on October 27, 1930, called an emergency levy. Later another complaint was filed, denominated by appellants as a supplemental complaint, in which the treasurer of Madison County was made a party and in which it was alleged that the auditor had certified the tax levy and asked that the treasurer be enjoined from collecting the taxes certified to her by the auditor and that the auditor be compelled to correct the duplicates.

It seems that the trustees of the town of Chesterfield, at the proper time in September of 1930, fixed a levy for the town of Chesterfield of $1.01 per $100.00 valuation; that these appellants and some other taxpayers

of the town appealed to the State Board of Tax Commissioners and had the levy reduced by the State Tax Board to $0.55 on $100.00 valuation. The ordinance making this $1.01 levy was never certified to the county treasurer of Madison County, but afterwards, on October 27, 1930, the board of trustees of the town of Chesterfield, claiming an emergency, fixed another levy in the sum of $1.42 per $100.00 valuation. This levy was duly certified to the auditor of the county and placed upon the tax duplicate. It was from this levy and these taxes, which were to be collected by the treasurer, that appellants sought relief. This was the only levy that was ever certified to the county auditor or that the treasurer attempted to collect.

On June 1, 1932, this court entered an order requiring the parties to show cause why the questions presented are not now moot, and why this appeal should not be dismissed. This order was returnable June 13, 1932.

On June 13 appellants filed return to this order, and in their return say: "Appellants are forced to admit that at this stage of affairs the court could not grant to them any injunctive relief that would avail them anything whatever. If there are no other questions finally and vitally affecting appellants' rights as taxpayers other than the right of appellants to injunctive relief, the appeal must be dismissed much as such procedure is to be deplored."

In the above statement appellants are correct. This levy was made for 1930 to be collected in 1931. The judgment of the lower court was rendered May 2, 1931, which was two or three days prior to the last day of time for payment of spring installment of taxes under this levy. The motion for new trial was duly filed and on the 16th day of May, 1931, was overruled by the lower court, and upon the same day an appeal was granted by the lower court to this court and an appeal

bond was filed and approved by the court. The record was filed in this court on June 25, 1931.

It is true that appellants sought by motions for advancement to obtain an early decision of this case, but their reply briefs were filed November 6, 1931, ██ which was after the second installment of taxes for 1930, payable in 1931, would become delinquent, so it is apparent that the relief sought here would not avail because the time for payment of the taxes without becoming delinquent had expired. It is also apparent, therefore, that the questions involved here are moot, and unless there is some question of general public interest involved in this appeal, the appeal should be dismissed.

We have examined the record and we do not ██ believe that there is any question of general public interest involved herein.

This court, speaking through Felt, J., in the case of *Modlin* v. *Board, etc.* (1913), 55 Ind. App. 239, 103 N. E. 506, 507, said: "Where there is no question of general public interest involved and nothing is in dispute between the parties under the issues of the case on which the court could grant relief by any judgment it might render, jurisdiction will not be retained to determine merely an incidental question of costs. *State, ex rel.,* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140, and cases cited; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385. Since the act sought to be enjoined has long since been consummated, if the judgment of the lower court should be reversed, no injunction could be legally issued. The question involved in this appeal, therefore, has become a moot question and the motion to dismiss the appeal should be sustained."

To like effect is the case of *Bell* v. *Buescher Band Instrument Company* (1930), 202 Ind. 12, 171 N. E. 377, 378. The Supreme Court of this state, through Gem-

mill, J., said: "This court will not decide mere moot questions, but will dismiss the appeal when it is made to appear that no actual controversy is involved. *Ogborn* v. *City of Newcastle* (1912), 178 Ind. 161, 98 N. E. 869."

Regardless of the fact that the questions involved herein became moot through no fault of appellants, the fact remains that they are moot and reversal of the judgment herein would avail appellants nothing.

The appeal is dismissed at the costs of the appellants. Kime, P. J., absent.