## Fox *v.* Holman, etc.

[No. 14,606. Filed January 31, 1933.]

*Harry B. Tuthill, Walter C. Williams* and *Neville V. Williams,* for appellant.

*Ralph N. Smith, Ben C. Rees* and *Russell W. Smith,* for appellee.

CURTIS, C. J.—This was an action in the LaPorte Superior Court by the appellant against the appellee, seeking to enjoin the appellee as township trustee of Hudson Township, LaPorte County, Indiana, from reconstructing and repairing the culvert leading across the highway which runs adjacent to Sogany Lake, which is a fresh water lake in said county.

The issues were formed upon the amended complaint of the appellant, to which the appellee filed a general denial. Evidence had been heard upon the original complaint and it was stipulated between the parties that the evidence so heard was all of the evidence, and that it should be considered as having been given upon the issues formed by the said amended complaint and the general denial. A temporary restraining order had been granted by the trial court, but upon a hearing for a temporary injunction the court found for the appellee and dissolved the restraining order. Upon a final hearing of the cause the injunctive relief sought was denied and a final judgment was rendered against the appellant. It is from this final judgment that this appeal was prayed and perfected. A motion for a new trial was filed seasonably and overruled and an exception taken. It contained 4 causes or grounds as follows: (1) The decision of the court is not sustained by sufficient evidence; (2) the finding of the court is not sustained by sufficient evidence; (3) the decision of the court is contrary to law; (4) the finding of the court is contrary to law. The error relied upon for reversal is the overruling of the motion for a new trial, which contained the causes above set out.

The appellee has filed a verified motion to dismiss the

appeal, which is supported by the affidavit of Ralph N. Smith, one of the attorneys for the appellee. This motion and affidavit, omitting formal parts, are as follows:

"Ralph N. Smith, being first duly sworn upon his oath, says:

"That he is a member of the law firm of Smith, Rees & Smith, of LaPorte, Indiana, and that he makes this affidavit for and on behalf of the Appellees herein, and shows to the Court that the Appellee, Claude Holman, is the duly and legally acting Trustee of Hudson Township, of LaPorte County, Indiana, and was such trustee at all times heretofore during the progress of this suit and at the time same was filed, and is still the duly and legally acting trustee of such township.

"That said affiant makes this affidavit in support of the motion of Appellees to dismiss this appeal upon the ground that the questions presented by this appeal are moot and that before this appeal was perfected the Appellee constructed and built the new culvert, the building of which was sought to be enjoined by this proceeding.

"Affiant further says that Appellant filed his complaint in the LaPorte Superior Court seeking to enjoin the Appellee, Holman, as trustee of Hudson Township, from reconstructing and repairing the culvert leading across the highway which runs adjacent to Sogany Lake, which is a fresh water lake in LaPorte County, Indiana.

"That a temporary restraining order was entered and issued at the time against Appellees by the Court, and that upon a hearing for a temporary injunction the Court found for Appellees, and denied a temporary injunction and dissolved the restraining order. That thereafter the cause was heard and a final judgment rendered against the Appellant and denying the relief of a temporary injunction sought for in said complaint.

"That thereafter and before the filing of an appeal

bond herein, or the perfecting of this appeal, the Appellee constructed said culvert across said highway in accordance with the specifications prepared therefor and constructed the said culvert upon the same level as the old culvert.

"That Appellant sought, by his complaint herein, to restrain the Appellee from the construction of said culvert, or the repairing of the same, and that by reason of the foregoing facts the errors assigned and sought to be presented by this appeal have become and are now moot questions.

"That there is no longer any substantial legal controversy between Appellant and Appellees; that in no event could any relief be granted Appellant on his complaint in this case; that the reconstruction or repair of said culvert, which Appellant denominates a drain, has been fully constructed and an injunction, if granted, could not be enforced, for there is no longer anything to restrain or enjoin. That in the construction or in repairing of said culvert same has been fully consummated without the violation of any order of the court and no other question is involved in this appeal other than the right to such injunction, and there being nothing to restrain or enjoin the questions presented by the assignment of errors of Appellant are moot and this appeal should be dismissed.

"Wherefore, Appellees pray the Court that this appeal be dismissed because the questions presented herein are moot.

"*Smith, Rees & Smith,*
"Attorneys for Appellees.

"State of Indiana, }
"County of LaPorte, } ss:

"Ralph N. Smith, being first duly sworn upon his oath, says:

"That he makes this affidavit for and on behalf of

the Appellees herein, and that the matters contained in the foregoing petition are true as he verily believes.

"*Ralph N. Smith.*

"Subscribed and sworn to before me this 16th day of June, 1932.

"*Claire H. Bennett,*
"Notary Public.
"*My Commission Expires June 28, 1935.*"

The facts stated in the said affidavit to the effect that the culvert in question was constructed by the appellee across said highway in accordance with the specifications therefor, and upon the same level as the old culvert, before the filing of the appeal bond and the perfecting of this appeal is not denied, but the appellant, in opposition to the motion to dismiss the appeal, contends as follows: "1st. That the questions raised by the injunctive proceedings in the trial of the issues of said cause have not yet been determined by the final authority of the courts of this state as far as the appellant's rights are concerned in said appeal.

"2d. That the question still remains whether the appellees had the right to enlarge the opening from a fresh water lake of more than 80 acres within the State of Indiana, and whether the interest of said appellant is such that he would be entitled to have said drainage system restored to its original dimensions if it is found that the construction violated the statutes of the State of Indiana. These questions show the interest that appellant has in the final determination of the issues raised in the trial of said cause and in the appeal against the final judgment of the trial court. That interest has not yet been determined and cannot be until the Appellate Court has finally determined the matter.

"3d. Also the question remains, does a township trustee have power to make certain expenditures in regard to the construction of a new drain without first

complying with the statutes of the State of Indiana? All of which questions have been raised in appellant's original brief now submitted and on file in said Appellate Court.

"4th. That if the Appellate Court should decide that those rights have been violated it would then provide a remedy for the appellant to mandate the township authorities to restore the said drainage to its original dimensions.

"5th. That it would provide a remedy for the taxpayers to take such action against said township authorities according as their rights shall be determined by said appeal.

"6th. That it would avoid multiplicity of actions, and the rights of said parties can be fully and finally determined by the Appellate Court in this action.

"7th. The question remains to be determined, was the trial court right in its decision in refusing to grant an injunction in the trial of the issues in the lower court? The latter question alone is a substantial legal question that remains to be determined."

We cannot concur in the appellant's contentions. The thing sought to be enjoined has been fully consummated. The real question in controversy is moot and unless there is some question of general public interest involved in this appeal it should be dismissed. We see no such question, and a reversal of the judgment would avail the appellant nothing. See *Modlin* v. *Board, etc.* (1913), 55 Ind. App. 239, 103 N. E. 506; *State, ex rel.,* v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140; *Manlove* v. *State* (1899), 153 Ind. 80, 53 N. E. 385; *Bell* v. *Buescher Band Instrument Company* (1930), 202 Ind. 12, 171 N. E. 377.

For the reasons stated the motion to dismiss the appeal is sustained and the appeal is dismissed.

Smith, J., not participating.