GIERHART, ETC. *v.* STATE OF INDIANA.

[No. 30,107. Filed December 17, 1962. Rehearing denied March 14, 1963.]

*Arthur H. Gemmer, Coleman, Gemmer and Rabb, Frederick J. Capp,* and *Fansler, Fauvre, Dongus and Gemmer,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Robert E. Robinson,* and *Wm. C. Barnard,* Deputy Attorneys General, for appellees.

LANDIS, J.—This is an appeal from an interlocutory order of the Marion County Superior Court, Room 2,

denying appellant's application for a temporary injunction.

Appellant brought an action in the lower court for a restraining order, temporary injunction and permanent injunction to enjoin appellee, the State Highway Commission from holding public hearings under the Federal-Aid Highway Act of 1959 to locate a proposed limited access highway, Interstate 465, north of the city of Indianapolis, until appellant could exhaust his federal administrative appeal proceeding with the Bureau of Public Roads and until appellees satisfy certain alleged statutory prerequisites to a valid hearing under said Act.

The lower court granted appellant's application for a restraining order without notice, but thereafter and subsequent to the serving of notice on appellees, dissolved the restraining order and denied appellant's application for a temporary injunction. This court ruling has been appealed to this Court.

Appellees have filed motion to dismiss the appeal, setting forth that subsequent to the lower court's denial of the temporary injunction, the subject meetings sought to be enjoined were held, and that the questions before this Court on this appeal are therefore moot. Appellees have cited in support of their position: *Bell* v. *Buescher Band Inst. Co.* (1930), 202 Ind. 12, 171 N. E. 377; *Bloom* v. *Town of Albion* (1933), 96 Ind. App. 229, 183 N. E. 325; *Modlin* v. *Board, etc.* (1913), 55 Ind. App. 239, 103 N. E. 506.

Appellant has cited to the contrary: *Demaree et al.* v. *Johnson et al.* (1898), 150 Ind. 419, 49 N. E. 1062, but an examination of such case reveals that it is not in point.

An examination of the above cases cited by appellees demonstrates conclusively that according to the

settled law of this state where the act or acts sought to be enjoined in the lower court. have, since the denial of the injunction in the lower court been performed, and there is nothing upon which an injunction could operate if the cause should be reversed, the question is moot and the motion to dismiss should be sustained. Nor is the rule different where the voluntary act of appellees contributed to render the appeal moot, as such state of facts existed in a number of the cited cases.

We recognize that an exception to the rule providing for dismissal for mootness exists where the case in question is of great public interest. However, it is apparent the instant case does not fall within that category in view of other authorities of this jurisdiction holding a public interest not to exist. See: *State ex rel.* v. *Boyd* (1909), 172 Ind. 196, 197, 87 N. E. 140; *Keller, Mayor,* v. *Rewers* (1921), 189 Ind. 339, 341, 127 N. E. 149; *State ex rel. Robinson* v. *Boniecki* (1945), 223 Ind. 416, 418, 61 N. E. 2d 176, 177; *Melson* v. *Shetterley* (1933), 95 Ind. App. 538, 541, 183 N. E. 802, 803; *Dunn* v. *Dunn* (1933), 96 Ind. App. 620, 624, 185 N. E. 334, 335.

The present case is not analogous to *State ex rel. Smitherman et al.* v. *Davis, etc. et al.* (1958), 238 Ind. 563, 151 N. E. 2d 495, cited by appellant where a great public interest was found to exist. That case was an action to mandate appellees, who were school trustees, to grant the transfer of appellants' children from one school to another. In that case it was stated at p. 568 of 238 Ind., and p. 497 of 151 N. E. 2d:

"... However, the parties urge that, because the same question reoccurs year after year as to the appellants and the parents of other children

throughout the state, the case should be decided upon its merits. . . . We accede to this request."

Appellant's final contention that appellees are estopped to raise the issue of mootness is not availing in this case as it is well settled that the question as to whether a case is moot may be raised by this Court, irrespective of whether the question is raised by one of the litigants.

This cause appearing to be purely hypothetical and moot and not to involve any great public interest, the appeal is now dismissed.

Achor, Arterburn and Bobbitt, JJ., concur.

Jackson, C. J., concurs in result.

Note.—Reported in 186 N. E. 2d 680.