## THE STATE OF INDIANA, EX REL. MCCLANNAHAN, *v.* NOFTZGER, AUDITOR.

[No. 21,538.   Filed April 21, 1910.]

APPEAL.— *Dismissal.— Moot Questions.— Intoxicating Liquors.*— Where relator alleges that on November 6, 1907, he was granted a license to retail intoxicating liquors, by the board of commissioners, and final judgment in his action of mandate against the county auditor was rendered November 11, 1908, and his appeal therefrom was perfected on September 17, 1909, such appeal presents only moot questions, the year for which the license was alleged to have been granted having expired.

From Miami Circuit Court; *Joseph N. Tillett*, Judge.

Action by The State of Indiana, on the relation of George P. McClannahan, against Johiel P. Noftzger, as auditor of

Wabash county. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*D. F. Brooks,* for appellant.

*F. I. King,* for appellee.

MONKS, J.—The relator brought this action on February 6, 1908, to compel appellee, auditor of Wabash county, by writ of mandamus, to issue to him a license to sell intoxicating liquors, under the act of 1875 and the acts amendatory of and supplemental to said act.

After the issues were formed, a trial of the cause resulted in a finding and judgment against appellant.

It appears from the record that the relator based his right to said writ upon an alleged order of the Board of Commissioners of the County of Wabash, made on November 6, 1907, granting him a license "to sell vinous, malt and other intoxicating liquors at retail."

The case was tried and final judgment rendered against relator on November 11, 1908. This appeal was perfected by filing in this court a transcript and assignment of errors on September 17, 1909.

If said board of commissioners on November 6, 1907, granted to the relator a license to sell intoxicating liquors at retail, as he claims, it was for the period of only one year. §8336 Burns 1908, §5319 R. S. 1881; *Brown* v. *Dicus* (1909), 172 Ind. 51; *State, ex rel.,* v. *Owens* (1910), *post,* 142. It will be observed that the year for which said license was granted expired several months before this appeal was perfected on September 17, 1909. It is evident that the relator is not entitled to compel appellee to issue to him a license after the year for which it was granted has expired. On the expiration of said year the question, whether he was entitled to a license under said order, became a moot question.

It is settled that when an appeal presents only a moot question, said appeal will be dismissed. *State, ex rel.,* v. *Owens, supra; Brown* v. *Moore* (1909), 172 Ind. 717; *Brown*

v. *Dicus, supra; Hood* v. *McCarthy* (1910), *ante,* 128, and cases cited; *Hale* v. *Berg* (1908), 41 Ind. App. 48, and cases cited. See, also, *Princeton Coal, etc., Co.* v. *Gilmore* (1908), 170 Ind. 366, 369, 370, and cases cited.

The appeal is therefore dismissed.