## KELLER, MAYOR, ET AL. *v.* REWERS.

[No. 23,322.   Filed April 29, 1921.]

APPEAL.—*Moot Question.*—*By Operation of Law.*—Where city officials appealed from an order restraining them from interfering with the plaintiff's right to operate a saloon under a license which they claimed the right to revoke, and the cause was not submitted to the Supreme Court until after the Prohibition Law, Acts 1917 p. 15, §8356d Burns' Supp. 1918, became effective, no application to advance having been made, the appeal presents a moot question by operation of law; and, since it involves no matter of great public interest, or one affecting the public generally, a dismissal is authorized.

From St. Joseph Circuit Court; *George Ford,* Judge.

Suit by Wladyslaw Rewers against Fred W. Keller,

Mayor, and others.   From an interlocutory order in favor of the plaintiff, the defendant appeals.  *Appeal dismissed.*

*Eli F. Seebiert* and *Daniel D. Schurtz,* for appellant.

*George A. Kurtz,* for appellee.

MYERS, J.—This is an appeal from an interlocutory order of the St. Joseph Superior Court restraining the mayor, chief of police, and city controller of the city of South Bend, Indiana, as such officers, from interfering with appellee's property and his right to conduct and operate a saloon in the city of South Bend.

The order from which this appeal was taken was made on May 23, 1917.   The cause was submitted in this court on July 13, 1917.   No application to advance the cause has been made.

The only question originally presented by this appeal involved the authority of the mayor of the city of South Bend to revoke the license of appellee, who was then a duly licensed retail liquor dealer.   The legislature in 1917 enacted a law prohibiting the manufacture and sale of intoxicating liquor (Acts 1917 p. 15, §8356d Burns' Supp. 1918), which became effective April 2, 1918.   The legality of this law has been sustained by this court.  *Schmitt, Supt.,* v. *F. W. Cook Brewing Co.* (1918), 187 Ind. 623, 120 N. E. 19, 3 A. L. R. 270.

Since this law became effective it has been unlawful for any person to manufacture or sell intoxicating liquors in this state.   All licenses authorizing the sale of intoxicating liquors prior to April 2, 1918, expired on that date; therefore, by operation of law, the ques-

tion presented by this appeal at the time this case was distributed was a moot question, and is such at this time. *State, ex rel.* v. *Noftzger* (1910), 174 Ind. 140, 91 N. E. 562; *Meyer* v. *Farmers State Bank* (1913), 180 Ind. 483, 103 N. E. 97.

We have examined the record and briefs on file, and have reached the conclusion that the question presented does not involve a matter of great public interest, or one affecting the public generally, and that any decision we might make herein will have no practical effect. *Riley* v. *Bell* (1915), 184 Ind. 110, 109 N. E. 843.

Appeal dismissed.