### DEMPSEY *v.* CHICAGO COLISEUM CLUB.

[No. 13,072. Filed June 29, 1928. Rehearing denied October 11, 1928. Transfer denied November 21, 1928.]

*Henry M. Dowling, Frank A. Symmes, Garth B. Melson, Donald F. LaFuze* and *Arthur F. Driscoll,* for appellant.

*Sol Esarey, G. A. Farabaugh* and *Walter R. Arnold,* for appellee.

PER CURIAM.—The record herein discloses that on March 6, 1926, the appellant entered into an agreement with the appellee, wherein and whereby he agreed to engage in a "boxing exhibition" with one Harry Wills, under the auspices of the appellee as a promoter. It was agreed that the boxing exhibition or contest should be held in the month of September, 1926, and at such place as said promoter might select, within the United States, but outside of the state of New York. It was also agreed by appellant that he would not, prior to the time of his meeting said Wills, as provided for in said contract, engage in any boxing match with any other person, without the consent of both the appellee herein and of the manager of said Harry Wills.

The complaint charged that, subsequent to the making

of said contract, the appellant, in violation of the terms thereof, had entered into a contract or agreement to meet one Gene Tunney in a boxing match or boxing exhibition on September 16, 1926. There was a prayer for a restraining order pending the hearing and for an injunction upon final hearing enjoining the appellant from engaging in any boxing exhibition or contest, in violation of his said contract with the appellee.

After a hearing of the cause upon the issue made by the pleadings, the court entered its decree against the appellant enjoining him from engaging or participating in, "any boxing contest, boxing match, prize fighting, or any exhibition of like nature with or for any person or persons . . ., at any time or place during the term of said contract with the plaintiff as heretofore referred to, in violation of any of its terms or provisions."

It thus appears from the record that the injunction herein expired, by its own limitation, with the passing of the month of September, 1926, and, since that time, the same has been without legal force and effect. The said injunctive order affected the personal conduct only of the appellant, and whether the facts justified the issuance of said order or not, the question is now moot. No public interest is involved herein, and this appeal should be dismissed. *State, ex rel.*, v. *Boyd* (1909), 172 Ind. 196, 87 N. E. 140; *Meyer* v. *Farmers State Bank* (1913), 180 Ind. 483, 103 N. E. 97; *Keller, Mayor*, v. *Rewers* (1921), 189 Ind. 339, 127 N. E. 149.

Appeal dismissed.

Dausman, J., absent.