STATE HIGHWAY COMMISSION ET AL *v.* CRYSTAL FLASH PETROLEUM CORPORATION

[No. 16,527.   Filed May 27, 1941.]

256

*Omer Stokes Jackson,* Attorney General, *Caleb J. Lindsey* and *Thomas Longfellow,* Deputy Attorneys General, for appellants.

*James W. Noel, Hubert Hickam, Alan W. Boyd,* and *Robert D. Armstrong,* all of Indianapolis, for appellee.

STEVENSON, J.—On May 5, 1939, the appellant The State Highway Commission of the State of Indiana gave notice that it would accept sealed proposals until ten a. m. on May 15, 1939, for the furnishing of

gasoline, kerosene, and other oils, greases, and lubricants, for a period of one year beginning June 1, 1939, for each of its six maintenance districts.

For that district known as the Greenfield District, fourteen bids were submitted. The appellee, Crystal Flash Petroleum Corporation, was the low bidder in this group. The appellant, on May 23, 1939, awarded the contract for the Greenfield District to The Pure Oil Company, and a contract was entered into with that company.

On May 31, 1939, the appellee filed its complaint seeking to enjoin The State Highway Commission of the State of Indiana from accepting the bid of The Pure Oil Company, and from awarding the contract to The Pure Oil Company. The appellee further sought a mandatory injunction mandating The State Highway Commission of the State of Indiana to accept the bid of the appellee.

To this paragraph of complaint, the appellant The State Highway Commission of the State of Indiana filed an answer in two paragraphs; the first in general denial, and second alleged that the contract had already been entered into with The Pure Oil Company and it was engaged in its performance.

The cause was submitted to the court for hearing, and a temporary restraining order was issued on June 30, 1939. This restraining order was made permanent on July 1, 1939; and it was ordered by the court that the appellant The State Highway Commission of the State of Indiana be restrained and enjoined from accepting the bid of The Pure Oil Company submitted May 15, 1939, and from awarding any contract thereon to The Pure Oil Company. The State Highway Commission of the State of Indiana was further enjoined from paying out any money for any materials furnished as a result of said bid or proposed contract.

The appellee filed a motion to modify this judgment, and asked that the judgment be amended to include an order mandating The State Highway Commission of the State of Indiana to award the contract to the appellee. This motion was overruled, and this ruling is assigned as a cross-error by the appellee.

Motion for new trial was filed and overruled, and this appeal has been perfected. The errors assigned in this court by the appellant The State Highway Commission of the State of Indiana are the alleged errors in overruling the motion for a new trial and the further alleged error in permitting the filing of a second paragraph of complaint by the appellee after the close of the evidence.

It will be noted that the contract, whose execution was enjoined by the trial court, was for the furnishing of supplies to the Greenfield District for a period of one year, beginning June 1, 1939. It is apparent, therefore, that the time fixed for the performance of this contract has already expired; and by the limitation of time, no order that this court could now make would affect the rights of the parties in the subject-matter of this litigation.

If a reversal should be obtained, no injunctive relief could be afforded the appellee, for the reason that the time for which he sought a contract to furnish materials to the State has already expired; and the appellee could not predicate an action for damages thereon against the State. *Modlin* v. *Board, etc.* (1913), 55 Ind. App. 239, 103 N. E. 506.

In a case before the Supreme Court of this State, in which the right to the issuance of a license to sell intoxicating liquors for one year was involved, the court said: "It is evident that the relator is not entitled to compel appellee to issue to him a license after the year for which it was granted has expired. On the expiration

of said year the question, whether he was entitled to a license under said order, became a moot question." *State ex rel.* v. *Noftzger* (1910), 174 Ind. 140, 141, 91 N. E. 562.

It is apparent from the record that there is no longer any substantial legal controversy between the appellant and the appellee. The year in which the contract was to be performed, and for which supplies were to be furnished, has expired. The only question involved in this appeal is the right to such injunction. Since the decision of this question could not now result in the restraining or enforcement of any right, it is our opinion that the questions presented are moot. *Wiebke* v. *City of Fort Wayne* (1917), 64 Ind. App. 38, 115 N. E. 355.

It is not apparent to us that this question is of such general public interest as requires our decision of the issues presented, irrespective of the present interest of the parties. Neither is the fact, that there may be a liability on the appellee's bond, sufficient to require a decision of the issues presented. "That question is not and cannot be an issue in this case. Under the decisions already cited, when the principal questions in issue have ceased to be matters of real controversy between the parties, the errors assigned become moot questions and the court will not retain jurisdiction to decide them or to decide questions incidentally or indirectly involved in the appeal." *Modlin* v. *Board, etc., supra.*

Since the questions sought to be presented are now moot, the appeal is dismissed at the cost of the appellant.

NOTE.—Reported in 34 N. E. (2d) 148.