CHICAGO AND EASTERN ILLINOIS RAILROAD CO. *v.* PUBLIC
SERVICE COMMISSION OF INDIANA, ET AL.

[No. 29,357. Filed May 3, 1956.]

*Hays & Hays,* and *William M. Evans,* of Indianapolis,
*David O. Mathews* and *Howard R. Osmond* (of coun-
sel), of Chicago, Illinois, for appellant.

*Edwin K. Steers,* Attorney General, *Frank E. Spencer* and *Arthur H. Gemmer,* Deputy Attorneys General, for appellee, Public Service Commission of Indiana.

*Freeman Bradford* and *Frank Catanzarite,* of Indianapolis, for appellees, Mitchell Crushed Stone Co., Inc., Bedford-Nugent Co., Inc. and Koch Sand and Gravel Co., Inc.

PER CURIAM.—Appellant published reduced rates on sand and gravel between certain destinations in the State of Indiana and located on its line, such rates to be effective June 28, 1954 and July 28, 1954, respectively.

On June 11, 1954, two companies engaged in the sand and gravel business, one at Evansville, Indiana, and one at Mitchell, Indiana, filed petitions with the appellee, Public Service Commission, hereinafter referred to as "Commission", requesting a suspension of such reduced rates.

The Commission, on June 24, 1954, denied the above-mentioned petitions and, on its own motion, fixed a date for hearing on the reasonableness of such reduced rates.

After notice and hearing, the Commission, on February 17, 1955, ordered appellant to cancel the reduced rates and put in effect, on or before March 18, 1955, rates no lower than those in effect immediately prior to the effective dates of the reduced rates.

Appellant then filed petition for rehearing and petition for modification of the Commission's order of March 14, 1955 seeking to extend the reduced rates to May 18, 1955. Both petitions were denied by the Commission.

Appellant then filed its complaint in the Sullivan Circuit Court asking that the Commission's modified order of March 14, 1955 be set aside and its enforcement enjoined. A temporary order enjoining the Com-

mission from interfering with the charging of the reduced rates was issued. At the trial in the Sullivan Circuit Court materially different evidence was presented than that which was offered before the Commission, and the Clerk of the Court was, on July 21, 1955, ordered to certify such evidence to the Commission.

Thereafter, the Commission filed its order of August 3, 1955 with the court. Among the findings upon which this order is based are:

"(2) As so published, said tariff sets out both the permanent rates and the reduced rates, and provides that the said permanent or base rates shall be in full force and effect, except when the reduced rates apply; said tariff further provides that said reduced rates shall not apply after June 27, 1955.

. . . . . .

"(5) That since the reduced rates, which were the subject matter in the above entitled consolidated causes, being published in Supplements 35-A and 35-B to Chicago & Eastern Illinois Railroad Company Freight Tariff 505-D, I. R. C. 80, have heretofore, on June 27, 1955, expired by their own terms, this Commission now determines and finds that the issues raised and the orders made in the above entitled consolidated causes, are now moot."

The commission determined the causes to be moot and not subject to any further order of the Commission "and that said order of February 17, 1955, as modified by said order of March 14, 1955, shall remain unchanged in any respect."

After certification of this order to the clerk of the Sullivan Circuit Court judgment was entered as follows:

"The Court having heretofore taken its finding under advisement now finds for the defendant and against the plaintiff on plaintiff's complaint. That

plaintiff recover nothing under its complaint. The Court further finds that the temporary injunction heretofore issued herein shall be dissolved.

"The Court further finds that the plaintiff shall pay the costs of this action. It is therefore ordered, adjudged and decreed by the Court that the plaintiff take nothing by and under its complaint. It is further ordered, adjudged and decreed by the Court that the temporary injunction heretofore issued herein be and the same is hereby dissolved."

The determination of the Commission in its order of August 3, 1955, that the causes involving the reduced rates are moot, is substantially supported by the record.

If the judgment of the trial court herein should be reversed no injunctive relief could be afforded appellant because the date of June 27, 1955, the time at which the reduced rates were to expire under the terms of the tariff schedules, has long since passed. The only question involved in this appeal is the right to charge such reduced rates specified in the published tariff. Since this alleged right could not now be enforced, nor could it have been at the time the order of the Commission was entered on August 3, 1955, the Commission was justified in deciding that the question presented was moot.

When an appeal presents only a moot question it will be dismissed, unless the question presented involves a matter of great public interest, or one affecting the public generally. *Keller, Mayor* v. *Rewers* (1921), 189 Ind. 339, 127 N. E. 149; *State ex rel.* v. *Noftzger* (1910), 174 Ind. 140, 91 N. E. 562.

It is clear that the question here presented does not involve a matter of great public interest, nor does it affect the public generally within the meaning of that phrase as used in the above cited authorities.

The appeal herein will, therefore, be dismissed.

Appeal dismissed.

Arterburn, J., not participating.

NOTE.—Reported in 134 N. E. 2d 55.