BOELDT *v.* STATE OF INDIANA.

[No. 29,409.   Filed   May   1,   1957.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *John E. Hirschman,* Deputy Attorneys General, for appellee.

PER CURIAM—Appellant was indicted on November 15, 1950, for the offense of inflicting physical injury while attempting to commit a robbery.[1] On May 3, 1951, on a plea of guilty he was sentenced to the Indiana State Prison for a term of not less than ten nor more than twenty-five years.

On June 16, 1953 appellant filed a petition for a writ of error *coram nobis* which was granted on February 13, 1954, and the judgment entered on his plea of guilty

---

1. Acts 1941, ch. 148, §6, p. 447, being §10-4101, Burns 1956 Replacement.

was set aside and a new trial granted. Appellant was then tried by jury and found not guilty by reason of being insane at the time of the commission of the acts as charged in the indictment.

. The court, on September 24, 1954, heard evidence as to defendant-appellant's insanity at the time of trial,[2] and found that "the defendant [appellant] was and is insane, . . . and the recurrence of such an attack of insanity is highly probable;" and ordered him committed to the division for maximum security of the Dr. Norman M. Beatty Memorial Hospital.

On August 31, 1955, appellant filed in the Marion Criminal Court, Division 2, his application for discharge alleging, *inter alia,* that he was not then "insane or psychotic, and there is little likelihood that he will become insane or psychotic again;" and that §5 of ch. 298, Acts 1913, as amended by §2, ch. 102, Acts 1927, being §9-1705, Burns' 1956 Replacement, which provides the method of procedure for the discharge of any person committed under the provisions of §1, ch. 238, Acts 1951, being §9-1704a, Burns' 1956 Replacement, "in so far as it restricts the applicant to stated periods of time in which to make application for discharge" is unconstitutional.

On April 22, 1957, appellant filed herein an "Information to the Court," in which it is shown that subsequent to September 24, 1954, and more than two years from the date on which he was committed,[3] appellant filed an application for discharge in the Marion Criminal Court, Division 2, which petition was granted and he was discharged on April 11, 1957.

Under these circumstances the question here presented is moot, and unless such question is of great pub-

2. Acts 1951, ch. 238, §1, p. 682, being §9-1704a, Burns' 1956 Replacement.
3. Acts 1927, ch. 102, §2, p. 268, being §9-1705, Burns' 1956 Replacement.

lic interest or affects the public generally this appeal should be dismissed. *Chicago & Eastern Ill. R. Co.* v. *Public Service Com'n* (1956), 235 Ind. 387, 134 N. E. 2d 57.

We are not convinced that the question here presented involves a matter of great public interest, or that it affects the public generally, hence the appeal herein will be dismissed.

Appeal dismissed.

NOTE—Reported in 141 N. E. 2d 760.