# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 15 2019, 9:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Grubbs,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 15, 2019

Court of Appeals Case No.
18A-CR-2062

Appeal from the Dearborn
Superior Court

The Hon. Jonathan Cleary, Judge

Trial Court Cause No.
15D01-1802-CM-74

**Bradford, Judge.**

# Case Summary

[1] In April of 2018, Grubbs pled guilty to invasion of privacy, and the trial court imposed a 365-day sentence, all suspended to probation. On August 1, 2018, after Grubbs admitted that he had violated the terms of his probation, the trial court ordered that he execute ninety days of his previously-suspended sentence. Grubbs challenges the trial court's order that he serve ninety days of his previously-suspended sentence. Because Grubbs's appeal is moot, we dismiss.

# Facts and Procedural History

[2] On February 5, 2018, the State charged Grubbs with Class A misdemeanor invasion of privacy. On April 17, 2018, Grubbs pled guilty as charged and was sentenced to 365 days of incarceration, all suspended to probation. Among the terms of Grubbs's probation was that he not commit any crimes. On July 30, 2018, the State alleged that Grubbs had violated the terms of his probation by committing Class B misdemeanor criminal mischief and Class B misdemeanor public intoxication the week before. At the initial hearing on July 31, 2018, Grubbs admitted the allegations. On August 1, 2018, the trial court ordered Grubbs to execute ninety days of his previously-suspended sentence. Grubbs filed his corrected appellant's brief on November 13, 2018, 104 days later.

# Discussion and Decision

[3] "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind.

2007) (citing *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005)). Once a trial court has exercised grace in ordering probation rather than incarceration, the trial court should have considerable leeway in deciding how to proceed. *Id.* After the trial court determines that the probationer has violated the terms of probation, the trial court then determines the sanction for the violation. *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). A trial court's sanction decisions are reviewed for abuse of discretion, which occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d at 188. Although Grubbs does not deny that he violated the terms of his probation, he argues that the trial court abused its discretion in ordering him to serve ninety days of his previously-suspended sentence.

[4] The State maintains that Grubbs's appeal is moot as he has already served the ninety-day revoked portion of his previously-suspended sentence. By the time Grubbs filed his corrected brief on November 13, 2018, he had already served the ninety days imposed by the trial court, even if we assume that he earned no credit time against the term. "The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009). As we have noted,

> An issue is deemed moot when it is no longer "live" or when the parties lack a legally cognizable interest in the outcome of its resolution. *See In re Utley*, 565 N.E.2d 1152, 1154 (Ind. Ct. App. 1991). Accordingly, where the principal questions at issue cease to be of real controversy between the parties, the "'errors assigned become moot questions and this court will not retain

jurisdiction to decide them.'" *Id*. (quoting *Bartholomew County Hospital v. Ryan*, 440 N.E.2d 754, 757 (Ind. Ct. App. 1982)). Stated differently, when we are unable to provide effective relief upon an issue, the issue is deemed moot, and we will not reverse the trial court's determination "where absolutely no change in the status quo will result." *In re Utley*, 565 N.E.2d at 1154 (quotations omitted).

*Jones v. State*, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006), *trans. denied*. Grubbs admitted his violation of probation and argues only that revoking ninety days of his previously-suspended sentence was an abuse of discretion. That term has already been served. We are therefore unable to grant the relief Grubbs seeks because even a decision in his favor would result in no change in the status quo. We agree with the State that Grubbs's claim is moot.[1]

[5]     The appeal is dismissed.

Bailey, J., and Brown, J., concur.

---

[1] We recognize that Indiana courts have long recognized public-interest exception to the general rule. *Jones*, 847 N.E.2d at 200. "A public interest exception may be invoked upon the confluence of three elements: (1) the issue involves a question of great public importance; (2) the factual situation precipitating the issue is likely to recur; and (3) the issue arises in a context which will continue to evade review." *Id*. While it is true that probation revocations occur with great frequency, Grubbs does not argue, much less establish, that his claim is of great public interest or arises in a context likely to evade review.